# Richmond

Robert Melvin, Jr., Et Al. v. Commonwealth of Virginia.

March 6, 1961.

Record No. 5223.

Present, Eggleston, C. J., and Spratley, Buchanan, Whittle, Snead and I'Anson, JJ.

The opinion states the case.

*Wescott B. Northam* (*William E. Fears*, on brief), for the plaintiffs in error.

*M. Harris Parker, Assistant Attorney General* (*A. S. Harrison, Jr., Attorney General*, on brief), for the Commonwealth.

WHITTLE, J., delivered the opinion of the court.

Appellants, Robert Melvin, Jr., Royce Melvin and Joshua Merritt, were jointly tried for the larceny of oysters in violation of § 28-191, Code of Virginia, 1950. The jury found each defendant guilty as charged and fixed his punishment at a fine of $50 and costs. From the judgment entered on the verdict we granted a writ of error.

The pertinent part of the section under which the defendants were tried reads:

"§ 28-191. *Stealing oysters or oyster bed shells.*—If any person take, steal or carry away, without permission of the owner, oysters, bedded or planted, * * * he shall be deemed guilty of the larceny thereof, and upon conviction be confined in jail not less than one nor more than six months and fined not less than five nor more than one hundred dollars, either or both, for each offense. * *"

Three errors are relied upon by the defendants which will be treated in the order assigned:

"1. Did the Court err in refusing counsel for the defendants' request to ask the jury on *voir dire* the question as to whether any of them owned, leased or operated assigned oyster grounds in Accomack County?"

In appellants' brief it appears that this question was sought to be asked on the theory that if any members of the jury panel were owners, lessees or operators of assigned oyster grounds they would be disqualified as jurors. The trial court took the position that such would not disqualify the prospective jurors and refused to permit the question.

In argument at bar counsel for defendants contended for the first time that the proposed question was sought to be asked for the purpose of gaining information regarding the occupation of the jurors which would enable him to strike from the panel any juror who was the owner, lessee or operator of assigned oyster grounds.

Rule 1:8 provides that on all matters requiring a ruling of the trial court counsel shall state with reasonable certainty the ground thereof, and unless it appears from the record that this was done such will not be considered by this court. This is so in order that the trial judge may rule intelligently. *Harlow* v. *Commonwealth*, 195 Va. 269, 273, 77 S. E. 2d 851, 854. Obviously, the rule was not complied with in this instance.

The record discloses, however, that the trial judge fully complied with Code, § 8-199(*) in examining the jurors on their *voir dire*. Moreover, the occupation of the veniremen could have been ascertained by the defendants from the list prepared by the sheriff. Code, § 19.1-203.

The fact that a member of the jury panel might have been the owner, lessee or operator of assigned oyster grounds would not have disqualified him to serve on the jury. *Waller* v. *Commonwealth*, 178 Va. 294, 304, 305, 16 S. E. 2d 808, 812.

There is no merit in the assignment.

■ The second assignment charges that the court erred in refusing to give Instruction C as originally offered, and Instruction C as amended. Both of these instructions are based on Code, § 28-124(6), which deals with civil trespass and is not applicable here.

This section provides for the surveying and staking of oyster grounds, and to have given either of the instructions would have been misleading to the jury. The language appearing in the instructions, copied from the statute, "Should such stakes or other markers be removed, rot down, or be carried away, the lessee shall replace them in their proper places; and if he fails to do so within thirty days after being notified by the inspector of the district in which the ground lies, the lessee shall have no claim against any person for trespassing on the ground in any manner," has application to the right of the lessee to bring a civil action for trespass should there be failure to comply with the provisions of the statute. Any such failure on his part would have no possible effect upon the right of the Commonwealth in prosecuting a criminal charge for larceny of oysters under the specific provisions of Code, § 28-191.

The record discloses that the instructions given by the court on behalf of the defendants fully presented their theory of the case to the jury.

Instruction C as originally offered and Instruction C as amended were properly refused.

<hr>

(*) "§ 8-199. *Interest, bias, etc., of person called as juror.*—The court shall, on motion of either party in any suit, or may, of its own accord, examine on oath any person who is called as a juror therein to ascertain whether he is related to either party, or has any interest in the cause, or has expressed or formed any opinion, or is sensible of any bias or prejudice therein; and the party objecting to any juror may introduce any competent evidence in support of the objection; and if it shall appear to the court that the juror does not stand indifferent in the cause, another shall be drawn or called and placed in his stead for the trial of that cause."

The final assignment is that the court erred in its failure to set aside the verdict in that it was contrary to the law and the evidence. The defendant's argument on this point is that the conflict in the testimony as to the staking of the grounds from which the oysters were taken created a reasonable doubt as to their guilt and therefore the verdict was contrary to the law and the evidence. As heretofore indicated, this is a case of statutory larceny (Code, § 28-191). The defendants admit that the oysters were taken, and while the evidence was slightly in conflict as to the staking of the grounds, it was clearly sufficient for the jury to determine that the oysters were taken from the grounds alleged in the warrant. *Bradley* v. *Commonwealth*, 196 Va. 1126, 1135, 1136, 86 S. E. 2d 828, 834.

For the reasons stated the judgment is

*Affirmed.*