## Alexandria
## EDUCATIONAL BOOKS, INC.
### v.
## COMMONWEALTH OF VIRGINIA
No. 0340-85
Decided November 5, 1986

COUNSEL

Thomas J. Morris (Robert L. Tomlinson, II, on brief), for appellant.

W. Mark Dunn, Assistant Attorney General (William G. Broaddus, Attorney General, on brief), for appellee.

OPINION

**BENTON, J.**—The appellant, Educational Books, Inc., was convicted on eight counts of knowingly possessing an obscene film with intent to rent in violation of Code § 18.2-374 and ordered to pay a fine of $80,000. The appellant contends that it was denied its constitutional right to trial by an impartial jury. We agree; therefore, we reverse the conviction and remand for a new trial.

At the outset of trial, the veniremembers were interrogated collectively by the trial judge pursuant to Rule 3A:14. No responses were given which indicated that any of the veniremembers were

biased or prejudiced in the cause. *Voire dire* was then continued by the attorneys representing the parties. Again there were no responses which indicated that any of the veniremembers were biased or prejudiced. A jury was then empaneled and sworn.

Upon the completion of the Commonwealth's opening statement, one of the jurors, Ms. Seymour, remarked:

> I wanted to tell you something that I didn't realize. I know where this establishment is and have a great prejudice against it. They didn't mention where it was or—I'm well aware of where it is.

A bench conference immediately ensued at which counsel for the appellant suggested that a new jury be empaneled because Ms. Seymour was tainted and the remaining jurors were affected by her comments. The Court then questioned Ms. Seymour further:

> The Court: Do you feel that the fact that you know where the bookstore—or where you think you do anyway—would prevent you from rendering a fair and impartial verdict based solely on the evidence you hear in this courtroom?
>
> Juror Seymour: I simply feel that I have some preconceived ideas that—No, I think I could render—. . . .
>
> The Court: Well, everyone has preconceived ideas or perhaps even prejudices about certain things. The question is: do you feel that you can judge, be judge of the facts and reach a fair and impartial verdict based solely on what you hear in the courtroom?
>
> Juror Seymour: Yes.

The judge denied appellant's motion to substitute another juror in Ms. Seymour's place. The appellant contends that this ruling denied it the right to trial by an impartial jury. For the reasons which follow, we agree and, therefore, reverse the conviction.

The right of an accused to be tried by an impartial jury is firmly established in our system of jurisprudence. Trial by an impartial jury is constitutionally mandated and reinforced by legislative enactment. *See* U.S. Const. amend. VI, Va. Const. art. I, § 8; Code § 8.01-358. Every person accused of committing a crime has

a constitutional right to trial by an impartial jury. *See, e.g., Briley v. Commonwealth*, 222 Va. 180, 184, 279 S.E.2d 151, 154 (1981); *Martin v. Commonwealth*, 221 Va. 436, 445, 271 S.E.2d 123, 129 (1980); *Justus v. Commonwealth*, 220 Va. 971, 975-76, 266 S.E.2d 87, 90 (1980); *Wilson v. Commonwealth*, 2 Va. App. 134, 137, 342 S.E.2d 65, 67 (1986).

In effectuating this guarantee, however, there are no hard and fast rules and each case must be determined under its own set of facts. *Temple v. Moses*, 175 Va. 320, 336, 8 S.E.2d 262, 268 (1940). At a minimum, the constitutions require that each juror stand indifferent to the cause and that all jurors not so situated be excluded. *See, e.g., Breeden v. Commonwealth*, 217 Va. 297, 298, 227 S.E.2d 734, 735 (1976); *Salina v. Commonwealth*, 217 Va. 92, 93, 225 S.E.2d 199, 200 (1976). Where *voir dire* examination discloses that the juror is leaning one way or the other and will not act with entire impartiality, the juror is biased and must be removed. *Winn v. Commonwealth*, 160 Va. 918, 924, 168 S.E. 351, 353 (1933).

Additionally, it is firmly established that doubts as to the impartiality of a juror must be resolved in favor of the accused. *See, e.g., Barker v. Commonwealth*, 230 Va. 370, 374, 337 S.E.2d 729, 732-33 (1985); *Justus*, 220 Va. at 976, 266 S.E.2d at 90; *Breeden*, 217 Va. at 298, 227 S.E.2d at 735. On this point, our Supreme Court has said:

If there be reasonable doubt whether the juror [is impartial and free from prejudice], that doubt is sufficient to insure his exclusion. For . . . it is not only important that justice should be impartially administered, but it should also flow through channels as free from suspicion as possible.

*Barker*, 230 Va. at 374-75, 337 S.E.2d at 733 (quoting *Wright v. Commonwealth*, 73 Va. (32 Gratt.) 941, 943 (1879)).

The circumstances under which Ms. Seymour voiced her concerns clearly reveal a bias necessitating her exclusion. First, she withheld her remarks until after the completion of the Commonwealth's opening statement. She had an extended period of time to reflect on her potential prejudices. Second, the fact that she made her statement at a time when it would disrupt the proceedings, as opposed to a time when it was specifically requested, evinces her

strong belief that she could not function impartially as a juror. Finally, she expressed a "great prejudice" against the appellant. Additionally, when asked by the court whether she could render a fair and impartial verdict based solely upon the evidence presented at trial, Ms. Seymour responded: "I simply feel I have some preconceived ideas." These factors, when viewed in the aggregate, create more than reasonable doubt that Ms. Seymour could act impartially in rendering a verdict in this case.

The Commonwealth argues that Ms. Seymour's use of the term "great prejudice" was insufficient to warrant her removal from the panel because there was no showing that her "prejudice" was tantamount to the type of prejudice required to exclude a juror for cause. We cannot agree. We do not dispute that a layman's use of a legal term is not binding on this court; however, in making an inquiry into the fitness of a person to serve as a juror, the dichotomy between actual legal terms and a layman's use of those terms is inconsequential. Regardless of the words used by the juror, if she asserts that she is leaning one way or the other and that she would not act with total impartiality, she is biased. *Winn*, 160 Va. at 924, 168 S.E. at 353.

For this reason, it is also immaterial that Ms. Seymour stated that she had a "prejudice" rather than a fixed opinion as to the guilt or innocence of the appellant. Although many of the cases holding a juror disqualified for bias are premised upon the juror's preordained verdict, we cannot say that the constitutional protections end there. Here, Ms. Seymour's assertion of "great prejudice" was framed in response to the trial judge's earlier inquiry to the venire as to "any bias or prejudice against . . . the accused." Where a juror, of her own initiative and after considerable time for reflection, spontaneously asserts that she has a "great prejudice" against the accused and possesses some "preconceived ideas" and where those assertions remain unexplained on the record, we hold that she has sufficiently expressed a bias requiring her exclusion from the panel.

The Commonwealth also points out in its brief that a juror need not be totally ignorant of the facts and issues involved in a case. As a general statement of law, the Commonwealth's observation is sound. However, where a juror expresses "great prejudice" and preconceived ideas regarding a business defendant whose location is known to her, we believe that the juror has expressed bias of

such a character that "it is necessary not only to inquire into the quality and degree of the opinion of the juror, but also to 'look into the sources of the information upon which his opinion rests.' " *Rust v. Reid*, 124 Va. 1, 22, 97 S.E. 324, 330 (1918).

Following juror Seymour's spontaneous declaration of bias, this exchange ensued between her and the court:

> The Court: Do you feel that the fact that you know where the bookstore . . . would prevent you from rendering a fair and impartial verdict based solely on the evidence that you hear in this courtroom?
>
> Ms. Seymour: I simply feel that I have some pre-conceived ideas. . . .
>
> The Court: *Well everyone has preconceived ideas or even prejudices about certain things.* The question is: do you feel that you can judge, be a judge of the facts and reach a fair and impartial verdict based solely on what you hear in the court-room?
>
> Ms. Seymour: Yes.

(emphasis supplied).

■ Even if Ms. Seymour's knowledge of the facts and issues was within acceptable limits and even if her bias was of the type where rehabilitation was possible, the line of questioning employed by the trial court was insufficient to establish her fitness to serve as a juror in this case. The true test of impartiality lies in the juror's mental attitude. Furthermore, proof that she is impartial must come from her uninfluenced by persuasion or coercion. *Bausell v. Commonwealth*, 165 Va. 669, 682-83, 181 S.E. 453, 458 (1935). The evidence used to show the requisite qualifications for impartial jury service must emanate from the juror herself, unsuggested by leading questions posed to her. *Parsons v. Commonwealth*, 138 Va. 764, 773, 121 S.E. 68, 70 (1924).

In our opinion the underscored portion of the questioning conducted by the trial court was suggestive of a desired response of affirmation. The trial court's statement vitiated any element of independent consideration by the juror. By stating that people possess prejudices in general, the trial judge suggested to Ms. Sey-

mour that her expressed prejudice was not necessarily a ground for disqualification. We therefore conclude that Ms. Seymour's service was tainted by her expression of "great prejudice" in this matter and that the subsequent attempt by the court to rehabilitate her was ineffective to purge the taint.

In so holding, we do not disregard the maxim that, when making determinations as to the qualifications of jurors, the trial judge is vested with great discretion. Because of the trial judge's presence at the trial, the trial judge is in a unique position to observe the demeanor of the challenged juror and to evaluate all aspects of her testimony. The trial judge's decision in these matters will not be overturned "unless we can say . . . that it was erroneous." *LeVasseur v. Commonwealth*, 225 Va. 564, 584, 304 S.E.2d 644, 655 (1983), *cert. denied*, 104 S.Ct. 744 (1984). In reviewing the decision, however, we must not lose sight of the fact that the trial judge is under an affirmative duty to secure an impartial jury for the parties. *See, e.g., Salina*, 217 Va. at 93, 225 S.E.2d at 200.

Upon examining the record and guided by controlling precedent, we must conclude that in this case, the trial judge abused his discretion. It was error for the trial judge not to dismiss the challenged juror or not to make a more probing substantive inquiry once her prejudice against the appellant was unequivocally stated.

We, therefore, hold that the appellant was denied its right to an impartial jury. The conviction is reversed and the cause remanded for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*

Barrow, J., and Duff, J., concurred.