**Norfolk**

TROY LYNN WEBB, a/k/a

TROY LYNN BRICKHOUSE

v.

COMMONWEALTH OF VIRGINIA

No. 0440-89-1

Decided October 23, 1990

COUNSEL

Peter T. Legler, for appellant.

Leah A. Darron, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**WILLIS, J.**—Troy Lynn Webb contends on appeal that the trial court erred in refusing to set aside for cause a venireman who acknowledged that, several months before the trial, she had herself been the victim of a crime similar to that on trial. We find no error in the ruling of the trial court and affirm the defendant's conviction.

Webb was charged with rape, abduction with intent to defile, robbery and the use of a firearm in the commission of robbery. His trial commenced January 31, 1989. On *voir dire* one of the veniremen acknowledged that she had been raped on May 9, 1988. Her assailant had not been apprehended. The appellant moved that this venireman be set aside for cause. The motion was denied. The appellant used a peremptory strike to eliminate her from the panel. After the verdicts finding him guilty were returned, he moved to set them aside on the ground that he had been denied his right to an impartial venire. The motion was de-

nied, and judgment was pronounced in accordance with the verdicts.

■ A defendant is entitled to an impartial jury as a matter of constitutional guarantee, reinforced by legislative mandate and by rules of court. *See* Code § 8.01-358; Rule 3A:14. Any reasonable doubt as to whether a juror is impartial requires his exclusion. *Mullis v. Commonwealth*, 3 Va. App. 564, 570, 351 S.E.2d 919, 923 (1987); *Educational Books, Inc. v. Commonwealth*, 3 Va. App. 384, 386-87, 349 S.E.2d 903, 906 (1986). The court is required to secure jurors who are free of any well-grounded suspicion of bias. *Farrar v. Commonwealth*, 201 Va. 5, 8, 109 S.E.2d 112, 114 (1959). The defendant is entitled to an impartial venire and cannot be required to use a peremptory strike to exclude a venireman who should have been removed for cause. *Scott v. Commonwealth*, 1 Va. App. 447, 457, 339 S.E.2d 899, 900-01 (1986), *aff'd*, 233 Va. 5, 353 S.E.2d 460 (1987).

■ A venireman who has an interest in the cause or who is related to a party is deemed *per se* not to be "disinterested" and must be set aside for cause. This rule extends to criminal prosecutions. Thus it has been held that a stockholder in a victim corporation should be set aside, *Salina v. Commonwealth*, 217 Va. 92, 225 S.E.2d 199 (1976), as should a venireman who is within the prohibited degree of kinship to the victim's husband, *Gray v. Commonwealth*, 226 Va. 591, 311 S.E.2d 409 (1984).

■ *Per se* disqualification of veniremen is not favored. Mere interest in the subject matter of a prosecution does not, *per se*, require that a venireman be set aside for cause. Thus, in *Scott* we held that the court was not required to strike for cause a venireman who was employed by the company whose store the defendant was accused of having robbed. 1 Va. App. at 452, 339 S.E.2d at 902. Where the defendant was charged with trespass on oyster grounds and theft of oysters, the Supreme Court held that it was not error for the trial court to deny inquiry as to whether any venireman owned or operated oyster grounds, since this would not have been a disqualifying factor. *Melvin v. Commonwealth*, 202 Va. 511, 118 S.E.2d 679 (1961). Where the defendant was charged with robbery and murder of a cashier, the Supreme Court upheld the trial court's refusal to permit inquiry as to whether any venireman had family members who were cashiers. *Mackall v. Commonwealth*, 236 Va. 240, 372 S.E.2d 759 (1988), *cert. de-*

*nied*, 492 U.S. 925 (1989). The trial court did not err in refusing to set aside the challenged venireman as being disqualified *per se*.

■ Questioned by the court and counsel, the challenged venireman said that notwithstanding her earlier experience she could put that experience out of her mind, sit fairly and impartially in the case, and render a fair and impartial decision. The trial court observed the venireman and considered her answers. Its decision to retain her will not be reversed on appeal absent a showing of manifest error or abuse of discretion. *Mackall*, 236 Va. at 252, 372 S.E.2d at 767; *Briley v. Commonwealth*, 222 Va. 180, 185, 279 S.E.2d 151, 154 (1981); *Pope v. Commonwealth*, 234 Va. 114, 124, 360 S.E.2d 352, 358 (1987), *cert. denied*, 485 U.S. 1015 (1988). No such error or abuse appears from the record.

Arguing that the questioned venireman was disqualified for cause as a matter of law, the defendant notes that the crime of rape inflicts an extreme emotional impact on its victims. He contends that this, together with the fact that the venireman's assailant had not been apprehended and that less than a year had elapsed since the assault on her, rendered her incapable, as a matter of law, of trying the case impartially. We recognize these considerations, but we hold that they do not raise issues of law, but rather questions of fact to be determined by the trial judge subject to appellate review on a factual record.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Affirmed.*

Baker, J., concurred.

Barrow, J., dissenting.

The challenged venireman was herself a rape victim only nine and one-half months prior to the trial of this case. She, like the victim whose case she was to hear, was young, unmarried and worked as a waitress in a local bar. Her assailant had not been apprehended. She was still so affected by the crime that, at voir dire, she sought and was allowed to reveal her experience out of the presence of the other veniremen.

Reasonable doubt about a prospective juror's impartiality must be resolved in a defendant's favor because " 'it is not only important that justice should be impartially administered, but it should also flow through channels as free from suspicion as possible.' " *Barker v. Commonwealth*, 230 Va. 370, 375, 337 S.E.2d 729, 733 (1985) (quoting *Wright v. Commonwealth*, 73 Va. (32 Gratt.) 941, 943 (1879)); *see also Mullis v. Commonwealth*, 3 Va. App. 564, 570, 351 S.E.2d 919, 923 (1987); *Educational Books, Inc. v. Commonwealth*, 3 Va. App. 384, 387, 349 S.E.2d 903, 906 (1986). A sentence in this case, if based on a verdict of a jury which included the challenged venireman, would not, in my opinion, be "as free from suspicion as possible."

My opinion is not based on a belief that victims of crime should not serve on criminal juries, or that a new *per se* disqualification should be created, or even that rape victims should never serve as jurors in rape trials. Instead, it is based on recognition that the exercise of a trial judge's discretion is not confined to determining whether a prospective juror is telling the truth when he or she says that he or she can act impartially. Other facts, when available, should also be weighed. The ultimate test is not whether the prospective juror conscientiously believes that he or she can be impartial but whether the inclusion of the prospective juror on the jury would prevent the jury from being "as free from suspicion as possible."

Considering the personal violence inherent in the crime involved, the relative immediacy of the victim's experience, her apparent continued sensitivity to it, its lack of resolution and the other personal characteristics the prospective juror held in common with the victim, I would hold that the trial court abused its discretion in not disqualifying the prospective juror from service on the jury. *See State v. Hatter*, 381 N.W.2d 370, 372 (Iowa Ct. App. 1985); *see also United States v. Poole*, 450 F.2d 1082, 1083 (3d Cir. 1971); *Commonwealth v. Davis*, 282 Pa. Super. 51, 55, 413 A.2d 671, 672 (1980); *Commonwealth v. Fulton*, 271 Pa. Super. 430, 433, 413 A.2d 742, 743 (1979). I would, therefore, reverse and remand the proceeding for a new trial.