COURT OF APPEALS OF VIRGINIA

Present: Judges Koontz, Elder and Fitzpatrick
Argued at Salem, Virginia


CHRISTINA MARIA KEENE

MEMORANDUM OPINION[*] BY
v.          Record No. 0618-94-3          JUDGE LARRY G. ELDER
                                                          JULY 5, 1995
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
James F. Ingram, Judge

Lawrence D. Gott (Office of the Public Defender,
on brief), for appellant.

H. Elizabeth Shaffer, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief), for appellee.


Christina Maria Keene (appellant) appeals her convictions

for involuntary manslaughter in violation of Code § 18.2-36 and

reckless driving in violation of Code § 46.2-864. Appellant

contends that the trial court erred in (1) sustaining the

Commonwealth's Batson challenge, thereby allowing black juror

Adams to be seated as part of the jury panel; and (2) overruling

appellant's motion to strike juror Childress for cause. Because

the trial court committed no error, we affirm appellant's

convictions.

On July 3, 1993, appellant accidentally caused the vehicle

she was operating to crash through the wall of a hotel room at

the Stratford Inn in Danville, striking and killing one the

_____

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

room's occupants.  On February 2, 1994, appellant, who is black, was tried by a jury on charges of involuntary manslaughter and reckless driving.  Before the jury was empaneled, appellant made motions to strike two venirepersons, but the trial court overruled the motions.  Appellant was convicted on both counts.

First, we hold that the trial court did not err in refusing to allow appellant to peremptorily strike juror Adams from the venire.  A peremptorily-stricken juror's rights may be asserted by the defendant or the Commonwealth.  Georgia v. McCollum, __ U.S. __, 112 S. Ct. 2348, 2359 (1992); Robertson v. Commonwealth, 18 Va. App. 635, 637 n.2, 445 S.E.2d 713, 714 n.2 (1994).  As it is the juror's rights that are being protected, it is of no import that appellant and Adams were both black.  See Currin v. State, 638 N.E.2d 1319 (Ind. App. 1994); see generally McCollum, __ U.S. at __, 112 S. Ct. at 2357 (1992).

In order to establish a Batson challenge,

> the [Commonwealth] must make a prima facie showing that the [defendant] has exercised peremptory strikes on the basis of race.  Powers v. Ohio, [499 U.S. 400, 409], 111 S. Ct. 1364, 1370 (1991).  If this showing is made, the burden shifts to the [defendant] to articulate a racially neutral explanation for striking the jurors in question.  Batson, 476 U.S. 96-97, 106 S. Ct. at 1722-23.  If the court determines that the proffered reasons are race-neutral, the [Commonwealth] should be afforded an opportunity to show why the reasons, even though facially neutral, are merely pretextual and that the challenged strikes were based on race.  United States v. Joe, 928 F.2d 99, 103 (4th Cir. 1991) [subsequent history omitted].  But, ultimately, the trial court must determine whether the [Commonwealth] has carried [its] burden of proving purposeful discrimination.  Batson, 476 U.S. at 98.  On appeal, the trial court's findings will not be reversed unless

they are clearly erroneous.  <u>Hernandez v. New York</u>, 500 U.S. 352, 369, 111 S. Ct. 1859, 1871 (1991).

<u>James v. Commonwealth</u>, 247 Va. 459, 461-62, 442 S.E.2d 396, 398 (1994).  A trial court's decision disposing of a <u>Batson</u> issue is accorded great deference and should not be disturbed on appeal if supported by credible evidence.  <u>Broady v. Commonwealth</u>, 16 Va. App. 281, 285, 429 S.E.2d 468, 471 (1993).

In this case, when appellant "undertook to articulate reasons for striking [Adams] without first raising the procedural issue of whether a <u>prima facie</u> case had been established, the issue was waived and became irrelevant."  <u>Barksdale v. Commonwealth</u>, 17 Va. App. 456, 459, 438 S.E.2d 761, 763 (1993)(<u>en banc</u>).

The trial court ordered additional voir dire to be conducted after juror Adams was the only one questioned about her possible sympathy for appellant.  We find nothing in the record to indicate that Adams' responses were any more "pro-Commonwealth" than the other venirepersons who were questioned.  The trial court heard and observed each venireperson state that appellant's youth would not engender sympathy for appellant.  In light of these circumstances, we cannot say that the trial court was clearly erroneous in deciding that appellant did not offer a race-neutral reason for striking Adams from the panel.

Second, we hold that the trial court did not err in refusing to strike juror Childress for cause.  "An accused is . . . entitled to an impartial jury under the Virginia Constitution as

a matter of legislative mandate, and by the Rules of the Virginia Supreme Court."  Reynolds v. Commonwealth, 6 Va. App. 157, 164 n.2, 367 S.E.2d 176, 179 n.2 (1988)(citation omitted); Code § 8.01-358; Rule 3A:14.  As we have stated,

> when making determinations as to the qualifications of jurors, the trial judge is vested with great discretion.  Because of the trial judge's presence at the trial, the trial judge is in a unique position to observe the demeanor of the challenged juror and to evaluate all aspects of her testimony.  The trial judge's discretion in these matters will not be overturned "unless we say . . . that it was erroneous."

Educational Books, Inc. v. Commonwealth, 3 Va. App. 384, 390, 349 S.E.2d 903, 908 (1986)(citation omitted).

In this case, juror Childress stated that she viewed the accident scene the day after the accident occurred, approximately seven months before appellant's trial began.  Childress' visit to the accident scene was not an attempt to receive evidence, nor is there any indication that she conveyed her knowledge of the accident scene to her fellow jurors during voir dire, trial, or deliberations.  Because Childress was not yet a juror in appellant's trial, no improper motivation can be ascribed to her, and nothing in the record indicates that familiarity with the accident scene affected Childress or was communicated to her fellow jurors.  See, e.g., McGuire v. Howard, 203 Va. 965, 969, 128 S.E.2d 281, 284 (1962).  Compare Litz v. Harman, 151 Va. 363, 144 S.E. 477 (1928).  Finally, the trial judge satisfied himself during voir dire that Childress could "hear the case and consider

only the evidence disclosed at trial as the basis of [her] verdict."  <u>Foley v. Commonwealth</u>, 8 Va. App. 149, 154, 379 S.E.2d 915, 918, <u>aff'd on reh'g en banc</u>, 9 Va. App. 175, 384 S.E.2d 813 (1989).

For the foregoing reasons, we affirm appellant's convictions.

<u>Affirmed.</u>