COURT OF APPEALS OF VIRGINIA

Present:  Judges Koontz, Elder and Fitzpatrick
Argued at Salem, Virginia

JAMES LEE LANE

v.          Record No. 0349-94-3      MEMORANDUM OPINION* BY
                                      JUDGE LAWRENCE L. KOONTZ, JR.
COMMONWEALTH OF VIRGINIA                    JULY 11, 1995

              FROM THE CIRCUIT COURT OF SCOTT COUNTY
                     William C. Fugate, Judge

        Melanie L. Jorgensen (Quillen, Hamilton & Jorgensen, on
        brief), for appellant.

        Richard B. Smith, Assistant Attorney General (James S.
        Gilmore, III, Attorney General, on brief), for appellee.


        James Lee Lane (Lane) appeals his convictions for first

degree murder, use of a firearm in the commission of a felony,

and assault and battery.  Lane asserts that the trial court erred

both in refusing to strike certain jurors from the venire for

cause and in limiting appellant's cross-examination of Wayne

Anderson.  Finding no error, we affirm.

        Lane's convictions arise out of a domestic dispute.  During

voir dire, the defense challenged numerous members of the venire

for cause.  In response to questions from the defense, four

veniremen made statements to the effect that defense counsel

would have to prove Lane's innocence or would have to put on a

defense.  In subsequent redirect examination by the Commonwealth

and examination by the trial court, each said that they

understood the burden of proof lay with the Commonwealth and

_____

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

indicated that they could remain impartial.  The defense also objected to the qualification of Jim Taylor, because his father-in-law was a deputy sheriff employed as a bailiff in Scott County.  Taylor testified that he did not discuss cases with his father-in-law and that he could decide the case without prejudice.  Another member of the panel indicated a personal animus against drinking, but stated that she could set aside that prejudice and consider the case on its merits.

Determination of whether a venireman is qualified is within the discretion of the trial court.  In reviewing the trial court's determination, the entire voir dire must be examined, not just isolated statements.  Chrisman v. Commonwealth, 3 Va. App. 371, 373-74, 349 S.E.2d 899, 901 (1986).  The trial judge is in a unique position to observe the demeanor of the challenged venireman and to evaluate all aspects of their testimony.  The trial judge's decision in these matters will not be overturned unless the appeals court deems it to be erroneous.  Educational Books, Inc. v. Commonwealth, 3 Va. App. 384, 390, 349 S.E.2d 903, 908 (1986); see also Webb v. Commonwealth, 11 Va. App. 220, 223, 397 S.E.2d 539, 540 (1990).

Appellant's reliance on Foley v. Commonwealth, 8 Va. App. 149, 379 S.E.2d 915, aff'd en banc, 9 Va. App. 175, 384 S.E.2d 813 (1989), is misplaced.  In Foley, we held that the trial court may not rehabilitate a potential juror by asking leading questions "in such a manner as to suggest and influence [the juror's] answers."  Id. at 159, 379 S.E.2d at 921.  The Court

-2-

held that a potential juror's answers that amount to "mere assent to persuasive suggestions" are not sufficient to rehabilitate. Id. at 160, 379 S.E.2d at 921.

The instant case is distinguishable from Foley in that the trial court was neither leading nor suggestive in its questioning regarding the potential jurors' impartiality and ability to understand the burden of proof. Rather, the trial court merely stated the proper legal standards and asked the venire if they understood and were able to apply those standards. The trial court, after observing the potential jurors' demeanors when responding to its questions and considering their answers, did not abuse its discretion in denying Lane's request to strike them for cause.

Lane further contends that the trial court erred in limiting his cross-examination of a Commonwealth's witness. At trial, Deputy Wayne Anderson testified concerning a statement made by Lane while he was being transported to jail. During cross-examination, Lane first questioned Anderson about inconsistencies in reports he had later filed concerning Lane's statement in the patrol car. Lane then attempted to ask Anderson about the events prior to Lane's arrest. The Commonwealth objected and the trial court ruled that Lane's questions exceeded the scope of direct examination. The trial court stated that the defense could seek to impeach Anderson's direct testimony, but would have to call Anderson as its own witness to go beyond the scope of the Commonwealth's direct examination. No proffer was

-3-

made of the expected testimony.

When cross-examination is limited by the court and the party challenges the court's ruling on appeal, he or she must make a proper proffer of the excluded testimony. Stewart v. Commonwealth, 10 Va. App. 563, 568, 394 S.E.2d 509, 512 (1990). A unilateral avowal of counsel, if unchallenged, constitutes a proper proffer. Absent such proffer, the appellate court will not consider error assigned to the rejection of testimony. Speller v. Commonwealth, 2 Va. App. 437, 440, 345 S.E.2d 542, 545 (1986).

At oral argument, appellant asserted that the record as a whole, including the defense's opening statement and proffered testimony of another witness concerning police procedure, would serve as an unchallenged, unilateral avowal of Anderson's expected testimony. We disagree. Appellant's suggestion during opening argument that the jury should pay close attention to the officers' testimony and the subsequent attempt to bring forth evidence that would lay a foundation for showing that Anderson's actions were improper, does not adequately memorialize Anderson's expected testimony. Accordingly, there is no proffer on the record for this Court to consider.

For these reasons, we affirm Lane's convictions.

Affirmed.