Staples, J.,
delivered the opinion of the court.
The prisoner was convicted in the county court of Bed-ford of murder in the first degree, and sentenced to be-hanged. When the venire was called, and the jurors sworn to answer questions, the prisoner objected to two of' them as incompetent. One of the persons thus objected to—Charles W. Hardy—stated, that he had read newspaper-accounts of the offence with which prisoner was charged, and had heard rumors of the same; that upon what he had read and heard he had made up and expressed an opinion in the-case; that the opinion so made up and expressed was still Upon his mind; that he did not think he could do the prisoner justice;but in answer to a question from the judge, should the evidence before the jury be different from that he had heard, he said his opinion would be changed; that he-could come to the trial with an unbiased and an unprejudiced mind, and give the accused a fair and impartial trial.
Upon this statement, the court overruled the objection of the prisoner, and permitted* the juror to be sworn; and *943 thereupon the prisoner excepted. The question we are to determine is, whether there is error in this ruling. The law bearing upon this subject has been so often and fully considered in the numerous cases before the general ■' , court and before this court, that any further discussion of the subject must now be regarded as unnecessary and out of place. A citation of these cases will be found in the opinion of the president of this court in Jackson v. Commonwealth, 23 Gratt. 928. Whatever may be the conflict in this opinion upon other points, they are generally agreed that if the juror has made up and expressed a decided opinion as to the guilt or innocence of the accused, he is incompetent; and it does not matter whether the opinion be founded on conversations with the witnesses or upon mere hearsay or rumor. It is sufficient that the opinion decided, and has been expressed. When,, however, the. opinion is founded on common rumor, the presumption is that it is merely hypothetical, and it will be so considered in the absence of proof to the contrary. Jackson’s. case, 23 Gratt. 919, 928. But whether the opinion be. hypothetical or decided, whether founded on rumor or upon evidence heard at a trial, the juror must be free from prejudice against the accused. He must be able to give him a fair and impartial trial. Upon this point nothing should be left to inference or doubt. All the tests applied by the. courts, all the enquiries made into the-state of the juror’s mind, are merely to ascertain whether he comes to the trial free from partiality and prejudice.
If there be a reasonable doubt whether the juror .possesses these qualifications, that doubt is sufficient to insure, his exclusion. Tor, as has been well said, it is not only important that justice should be impartially administered, but it should also flow through channels as free from suspicion as possible.
Now, in the case before us, the juror had heard of the. homicide, and he had read* the newspaper accounts of the. *944 occurrence; and upon these he had made up and expressed . , , an opinion, which he then entertained; and such was the of his mind, “he did not think he could do the prisoner justice.” It is true he subsequently stated, in answer to a question propounded by the court, that he could come to the trial with an unbiased and unprejudiced mind, and give to the accused a fair and impartial trial. But how was the court to decide which of these statements was true and which was false ? How was it to say that the second statement more correctly and truly represented the juror’s feelings than the first? His first avowal showed alone he was not a fit person to sit upon the trial of the accused; his ready disavowal of all prejudice under the interrogation of the court furnished no satisfactory evidence of his impartiality or incompetency. A man who could assert in breath that he had prejudiced the accused, and could not do him justice, and ia the next assert that his mind was free from all prejudice, is not to be trusted with the grave responsible duty of passing upon the guilt or innocence of a fellow being. Such a man may persuade himself that he is impartial, but the law does not so regard him. Unconsciously to himself, it may be, his prejudices will follow him into the jury-box, and influence and control his judgment there. We are, therefore, of opinion that this juror was incompetent, and the county court erred permitting him to be sworn as such. Indeed, the attorney-general did not hesitate to concede that the error such as to require a new trial of the ease.
We do not deem it necessary to express any opinion upon the question as to the competency of the other juror, Marion DeWitt, as the judgment must be reversed upon the ground already stated. For the same reason, we deem •it unnecessary, and, indeed, improper, to pass upon the petitioner’s motion for a new trial, based upon the alleged '-insufficiency of the evidence to sustain the verdict. Upon '-the grounds already stated, the judgment and verdict must i'be set aside, and a new trial awarded.
*945 The judgment was as follows:
The court is of opinion, for reasons stated in writing and filed with the record, that the venireman, Charles W. Hardy, was not a competent juror for the trial of the plaintiff in error, and the cóuñty court erred in overruling his objection to said Charles W. Hardy, based upon said incompetency. It is therefore considered by the court that the said judgment of the county court aforesaid be reversed and annulled, the verdict of the jury be set aside, and a ■new trial awarded the plaintiff in error. Which is ordered to be certified'to the cbunty court of Bedford.
Judgment reversed.-