## Richmond

MICHAEL THEODORE SALINA v. COMMONWEALTH OF VIRGINIA.

June 11, 1976.

Record No. 750964.

Present, All the Justices.

*Stephen G. Butler* (*McKee and Butler*, on brief), for plaintiff in error.

*Jerry P. Slonaker, Assistant Attorney General* (*Andrew P. Miller, Attorney General*, on brief), for defendant in error.

HARMAN, J., delivered the opinion of the court.

Michael Theodore Salina (Salina) was found guilty by a jury of two counts of grand larceny by check. His punishment was fixed at imprisonment for eight years on each count. We granted a writ of error to the trial court's order sentencing Salina on these verdicts. The only issue here is Salina's claim that the trial court erred in failing to sustain his challenge for cause to four members of the venire.

Salina was charged with larceny by check from two Winchester banks. *Voir dire* examination disclosed that four of the members of the venire owned stock in one or both of the banks. Each indicated that his stock ownership was not "substantial". When asked whether

their stock ownership would in any way affect their "judgment in the case involving theft from that bank", two of the veniremen unequivocally answered "no"; Venireman Johnson responded: "I don't think so"; and Venireman Belchic answered: "Yes. No. I doubt that it would affect my judgment."

Salina's attorney moved that these four veniremen be stricken for cause in view of their stock ownership. This motion was denied by the trial court and three of the veniremen, including Johnson and Belchic, served on the jury at trial.

In any criminal prosecution, the accused is entitled to a trial by an impartial jury. *U.S. Const.* amend. VI; *Va. Const.* art. I, § 8.

If, upon *voir dire* examination or upon other competent evidence, it appears that a juror does not stand indifferent in the cause, another shall be drawn or called and placed in his stead for the trial of that case. Code § 8-208.28; Rules of Court 3A:20(b). It is the duty of the trial court, through the legal machinery provided for that purpose, to procure an impartial jury to try every case. *Slade* v. *Commonwealth*, 155 Va. 1099, 1106, 156 S. E. 388, 391 (1931).

While the Attorney General appears to concede that the stockholder of a corporation is disqualified to serve as a juror in civil litigation in which that corporation is a party or has a pecuniary interest, he argues that the same rule does not apply to a criminal prosecution where the corporation is the victim of the crime. He says this is so because the criminal offense is one against the state for a "public wrong". In support of this position, he cites no direct authority but relies on general statements from various opinions which are made inapposite by the facts of those cases.

That a stockholder in a company which is a party to a lawsuit is incompetent to sit as a juror is well settled. *Chesnut* v. *Ford Motor Co.*, 445 F. 2d 967, 971 (4th Cir. 1971). A stockholder in a corporation is not only incompetent to act as a juror in a case where the corporation is a party, he is likewise incompetent to serve where the corporation has a direct pecuniary interest in the controversy. 50 C.J.S., *Juries*, § 213 (1947); 47 Am. Jur. 2d, *Jury*, § 325 (1969).

Some courts have gone so far as to disqualify, as a principal challenge, relatives within the prohibited degree of relationship to a stockholder in a cause where the corporation is a party or has a pecuniary interest. Annot. 86 A.L.R. 120. Thus in *Miller* v. *United States*, 38 App. D.C. 361, 40 L.R.A. (N.S.) 973 (1912), the son of a stock-

holder was held subject to "common-law disqualification" in a criminal prosecution for embezzlement from the corporation.

A member of a cooperative association has been held to be disqualified on the trial of a defendant for a burglary of the association's property, *State* v. *Thomlinson*, 78 S. D. 235, 100 N.W. 2d 121 (1960), and the members of a fraternal order and the ladies auxiliary of that lodge were likewise held disqualified on trial of a defendant charged with burglary of the lodge's premises. *State* v. *Stuart*, 206 Kan. 11, 476 P. 2d 975 (1970).

In *Jaques* v. *Commonwealth*, 51 Va. (10 Gratt.) 690 (1853), which was a prosecution for arson, we held that the nephew of the victim's deceased wife, who died leaving issue, was subject to a principal challenge and disqualified to serve as a juror. In so doing we followed the common law rule that one related to the victim within the ninth degree by consanguinity or affinity was not competent to serve as a juror. *Wright* v. *Commonwealth*, 73 Va. (32 Gratt.) 941, 943 (1879), teaches us that where there is a reasonable doubt whether a juror is qualified, that doubt must be resolved in favor of the accused.

The reasons underpinning the disqualification of prospective jurors within the prohibited degree of consanguinity or affinity to the victim set forth in *Jaques*, i.e., "that the feelings of the party injured and of his relations, are generally more excited by a personal wrong or an injury to property resulting in prosecution for felony, than in ordinary controversies involving mere questions of property," apply with even greater force where, as here, the criminal act suffered by the corporation has the direct effect of diminishing the assets of the corporation held for the benefit of its stockholders. We cannot see how, in such circumstances, a stockholder, regardless of the size of his holdings, could be said to stand indifferent in the cause.

This judgment is reversed and remanded for a new trial.

*Reversed and remanded.*