## CIRCUIT COURT OF SHENANDOAH COUNTY

Commonwealth of Virginia

v.

Holler

### July 27, 1982

### Case Nos. 1360 through 1381

By JUDGE HENRY H. WHITING

This letter disposes of two pre-trial issues.

*Grand Jury Composition*

The Court has had an opportunity to read the authorities cited by the defendant in support of his motion to quash the indictments because of the relationship of the foreman of the Grand Jury as the wife of an employee of the Division of Motor Vehicles, contending that that Grand Juror was not "otherwise qualified" under the statute. The Court told counsel that it would read the authorities and render a decision, indicating that if its decision was adverse on the contention that the Grand Juror was not disqualified *per se* because of the relationship it would permit her to be examined to see whether there was actual prejudice. Further reflection on the matter convinces the Court that:

(1) The Grand Juror was not disqualified merely because of the relationship.

(2) In the absence of evidence showing that the Grand Juror acted improperly as a Grand Juror, the Court should not permit the Grand Juror to be examined as to what went on in the Grand Jury room. The Court believes

that the defendant must first show by some other evidence than from the Grand Juror that she acted improperly before the Court should permit a breach of the justified tradition of secrecy of Grand Jury deliberations.

Counsel for the defendant has been forthright in disclosing the Virginia authorities and the annotation in ALR. The Court believes those authorities only confirm the Court's tentative opinion that the relationship did not disqualify the Grand Juror. As the Maryland Court pointed out in *Coblentz* v. *State*, 164 Md. 558, 166 A. 45 (1933), 88 A.L.R. 886, in holding that the fact that some of the Grand Jurors had suffered financial loss due to the failure of a bank in which an indicted bank officer was charged with accepting a deposit with knowledge of the bank's insolvency did not disqualify those Grand Jurors:

> The grand jury is an accusing body, and not a judicial tribunal; and it acts upon knowledge possessed by its members from any source, whether from witnesses brought before it, or from information gained before its sessions. "In this state they have plenary inquisitorial powers, and may lawfully themselves, and upon their own motion, originate charges against offenders, though no preliminary proceedings have been had before a magistrate, and though neither the court nor the state's attorney has laid the matter before them." *Id.*, at 892.

Furthermore, the Maryland statute seems very close to our Virginia statute from the Court's discussion:

> The grand jury, as has been observed, is not a judicial body; it is an accusing body, permitted to act upon knowledge obtained by its members from any source. Under the requirements of the statute law of the state, Code, art. 51, Sections 7 to 10, they are chosen with judgment and discretion with reference to their intelligence, sobriety, and integrity; and they are sworn to present no person for envy, hatred, malice or ill will. But there are no statutory provisions in Maryland as there are in some other states, prescribing additional cautions

or qualifications, and we find no ground for imposing a requirement that they must be unprejudiced as the objection demands. On the contrary, such a requirement would seem inconsistent with their freedom to accuse upon their own knowledge, for persons who come with knowledge sufficient to serve as a basic of indictment are likely to come with the conclusion and prejudice to which that knowledge leads. They must act upon their own convictions, after conferring secretly and without any interference; but they are not required to come without any prejudice. *Id.*, at 894-895.

The overwhelming weight of authority supports the Maryland case as indicated on page 900 of the annotation in ALR.

The Virginia statute relating to the composition of the Grand Jury, § 19.2-194, requires that the entire group selected for the year be "eighteen years of age or over, of honesty, intelligence and good demeanor and suitable in all respects to serve as grand jurors." The succeeding section requires that "each grand juror shall be a citizen of this State, eighteen years of age or older, and shall have been a resident of this State one year and of the county or corporation in which the court is to be held six months, and in *all other respects a qualified juror.*" (emphasis added). The defense seizes upon the words "qualified juror" and argues that this means "indifferent to the cause" (as with petit jurors). If that is what the legislature intended, this would be a drastic departure from the common law rule and one which should have been stated in clear and unambiguous language. This Court reads "qualified juror" as requiring that they be "of honesty, intelligence and good demeanor and suitable in all respects to serve as grand jurors," as outlined in the preceding sections.

*Jacques* v. *Commonwealth*, 51 Va. (10 Gratt.) 690 (1853), and *Huddleston* v. *Commonwealth*, 191 Va. 400 (1950), both deal with trial juries and, of course, require that they be "indifferent to the cause," disqualifying a relative within the prohibited degree. (*Huddleston* apparently feeling that the husband of a witness should not have sat on the jury but the request to disqualify came too late since the request was made after the jury had retired

to consider its verdict, and further that the witness was somewhat collateral.) A more recent case in Virginia held a holder of bank stock absolutely disqualified because of that relationship in a jury trial against the defendant for larceny by check from that bank. *Salina v. Commonwealth*, 217 Va. 92 (1976).

The functions of the Grand Jury are clearly outlined in § 19.2-191 and indicate that it does that as an investigative body and not a trial body. Moreover, any one of its number may testify as to an offense provided he is sworn as any other witness, as expressly authorized in Virginia Code § 19.2-202. I would construe that statute to have permitted the particular juror to testify as to the procedures as she knew of them in the Division of Motor Vehicles in the Grand Jury room. However, we must assume she did not give any such information because her name was not listed in the list of witnesses, as required by law, and infer that she gave no information.

*Discovery*

The Court has further considered the motion under Rule 3A:14 for discovery and believes that it was in error in refusing to require the Commonwealth to tell the defendant which of the identification plates were "removed, changed or altered." The Court believes this ought to be supplied in conformity with the Court's feeling that a defendant should be told where, when and what he did to constitute the violation of law in a pre-trial discovery. The Court does not believe the Commonwealth must disclose its evidence in advance of the trial but only give the defendant, in the language of Mr. Justice Stevens, "the notice [of the charge] rather than evidentiary support for the charge." *U.S. v. Agurs*, 427 U.S. 97, 112, 49 L.Ed.2d 342, 354 (1976).

Acting in conformity with that feeling, the Court has decided with respect to the areas of discovery it reserved decisions on that the Commonwealth need only tell the accused where it claims the accused acquired each vehicle having a number which was altered or which was stolen, if the Commonwealth knows that, and to attach a copy of the certificate of title of any of such vehicles but need not give the balance of the information requested in Paragraphs 2(c), (d) and (f), which were the paragraphs

on which decision has been reserved on that particular subject.

Furthermore, the Commonwealth should not be required to state the numbers of any vehicles investigated in any manner by the Commonwealth during this period of investigation upon which there has been no prosecution; the Court does not believe this will lead to the discovery of any evidence which would be either relevant or material in this proceeding. There may have been a number of reasons why they were not subject to indictment: (a) the statute of limitations (as we have already seen in at least two indictments in this case); (b) strong suspicion but lack of proof; (c) inability to trace and identify numbers; and (d) sheer economic inadvisability of prosecution on any larger number, or, for that matter, any one of a number of other reasons, all of which the Commonwealth should have a right to proffer in rebuttal to a defense claim that many hundreds of vehicles were "clean," otherwise the Commonwealth would have prosecuted. This would simply lead the jury into too many side paths without having any substantial bearing on the defendant's guilt or innocence. Unless the defendant has strong authority not yet supplied indicating the admissibility of such evidence, the Court will deny the request in Paragraph 6.