## Richmond

RICHARD ALISTER GRAY

V.

COMMONWEALTH OF VIRGINIA

Record No. 821794.

January 20, 1984.

Present: All the Justices.

592

*Christie W. Cyphers* for appellant.
*Richard C. Kast, Assistant Attorney General (Gerald L. Baliles, Attorney General*, on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

Tried by a jury, Richard Alister Gray was convicted in a single trial of multiple offenses.[1] He seeks a reversal and new trial, contending the trial court erred in permitting two veniremen to serve on the jury. Each venireman was related to the victim of an offense.

Gray was convicted of the murder of William Jones. Jones' wife, Mary, is a third cousin of the venireman, R. L. Moore, and she was a witness at trial.

Gray also was convicted of attempting to murder Catherine Piggott. The venireman, H. J. Johnson, is a third cousin of Piggott's husband. Piggott not only testified concerning the attempted murder, she also was a principal witness in the Jones murder case.

The trial court carefully examined Moore and Johnson to determine whether their relationships to the victims would affect their impartiality. Both men stated unequivocally that they could be impartial and that they were not influenced by their relationships to the victims. Over the defendant's objection, the trial court permitted Moore and Johnson to serve as jurors.

The defendant in a criminal prosecution has a fundamental right to trial by an impartial jury. U.S. Const. amends. VI and

---

[1] Gray was convicted of first-degree murder, attempted murder, malicious wounding (Code § 18.2-51), assault and battery, hit and run (involving personal injury) (Code § 46.1-176), and use of a firearm in the commission of a felony (Code § 18.2-53.1).

XIV; Va. Const. art. I, § 8. We have consistently upheld this right. *Martin* v. *Commonwealth*, 221 Va. 436, 271 S.E.2d 123 (1980); *Justus* v. *Commonwealth*, 220 Va. 971, 266 S.E.2d 87 (1980); *Breeden* v. *Commonwealth*, 217 Va. 297, 227 S.E.2d 734 (1976).

*Jaques* v. *Commonwealth*, 51 Va. (10 Gratt.) 690 (1853), stated the long-standing, common-law rule disqualifying a venireman who is related, within the ninth degree of consanguinity or affinity, to a party to a suit. *Id.* at 691. The rule is absolute; no discretion is left to the court. *Id.*

The Attorney General admits that this is the rule and that both Moore and Johnson fall within the ninth degree of affinity to victims.[2] He argues, however, that the rule only applies to a *party of record* and not to a *victim* in a criminal prosecution, and, therefore, the trial court had discretion to determine the veniremen's qualifications. We do not agree.

We believe a fair reading of *Jaques* indicates that the rule applies to a victim of a crime as well as to a party. *Id.* at 693-94.

> [W]hen we look to the principle upon which the doctrine rests, which is the legal presumption that one standing in a near relation to one of the parties to the controversy is not indifferent, it is very evident that the reason of the rule would apply to cases although the party to whom the juror was related was not strictly a party to the record. Although the person injured [the victim] be not, technically speaking, a party to the record, and is not prosecutor, and has no pecuniary interest in the result, yet if he were called as a juror, the fact that he was the injured person would, I conceive, be sufficient of itself, and constitute a cause of principal challenge. There would be nothing in such case to leave to the discretion or conscience of the triers.

*Id.* at 693.

The Attorney General contends this language from *Jaques* is dictum. We think not, but, in any event, the issue was squarely decided in *Salina* v. *Commonwealth*, 217 Va. 92, 225 S.E.2d 199 (1976), in which the same argument was advanced. *Salina* held that veniremen owning stock in a bank which was the victim of a crime are disqualified from jury service. *Id.* at 93, 225 S.E.2d at

---

[2] A chart illustrating the degrees of kindred is produced as the Appendix.

200. There, we applied the reasoning of *Jaques*, that the feelings of relatives of a victim in a criminal prosecution are more likely to be excited than those of relatives of a party in civil litigation. *Id.* at 94, 225 S.E.2d at 200-01.

As previously noted, the record discloses that the trial court exercised great care to determine that the two veniremen were in fact impartial, but the kindred rule is absolute and leaves no room for judicial discretion. The reason for the rule is apparent: when a juror is related by blood or marriage to either a party of record or a victim in a criminal prosecution, the potential for prejudice is inherent and the law conclusively presumes partiality.

Finally, the Attorney General suggests that the common-law rule is too far-reaching respecting the degree of kindred to be disqualified. He invites us to adopt a more restrictive rule. We decline the invitation. This ancient rule is firmly embedded in the common law which continues to be the law of the Commonwealth. Code § 1-10.

Accordingly, we will reverse the judgment of the trial court and remand the case for a new trial.

*Reversed and remanded.*

Appendix

DEGREES OF KINDRED

```
                              ┌───────┐
                              │ JUROR │
                              └───────┘
                   ┌───────┐          ┌────────┐
                   │ Child │          │ Parent │
                   └───────┘          └────────┘
         ┌────────────┐    ┌──────────────────┐    ┌──────────────┐
         │ Grandchild │    │ Brother & Sister │    │ Grandparent  │
         └────────────┘    └──────────────────┘    └──────────────┘
  ┌─────────────────┐ ┌──────────────┐ ┌─────────────┐ ┌───────────────────┐
  │ Great Grandchild│ │ Nephew, Niece│ │ Uncle, Aunt │ │ Great Grandparent │
  └─────────────────┘ └──────────────┘ └─────────────┘ └───────────────────┘
```

| Great, Great Grandchild | Grand Nephew, Niece | 1st Cousin | Great Uncle, Aunt | Great, Great Grandparent |
|---|---|---|---|---|

| Great Grand Nephew, Niece | 1st Cousin Once Removed | 1st Cousin Once Removed | Great Grand Uncle, Aunt |
|---|---|---|---|

| Great, Great Grand Nephew, Niece | 1st Cousin Twice Removed | 2nd Cousin | 1st Cousin Twice Removed |
|---|---|---|---|

| 1st Cousin Thrice Removed | 2nd Cousin Once Removed | 2nd Cousin Once Removed |
|---|---|---|

| 2nd Cousin Twice Removed | 3rd Cousin |
|---|---|

| 2nd Cousin Thrice Removed | 3rd Cousin Once Removed |
|---|---|

| 3rd Cousin Twice Removed |
|---|

| 3rd Cousin Thrice Removed |
|---|