LEATHIO WILLIAMS

v.

COMMONWEALTH OF VIRGINIA

No. 0826-93-2

Decided February 7, 1995

COUNSEL

Connie Louise Edwards (Connie Louise Edwards, P.C., on brief), for appellant.

Donald R. Curry, Senior Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—In this criminal appeal, the defendant challenges the trial court's refusal to strike six persons from the venire for cause. We conclude that one of the panel members, a correctional officer, was disqualified *per se* from serving on the panel because the defendant, an inmate of a correctional unit, was on trial for assaulting a correctional officer.

The defendant, an inmate of Greensville Correctional Center, was on trial in Greensville County for willfully injuring an employee of the correctional facility. The panel from which the jury was selected included a correctional officer, employed by the Department of Corrections at a facility in Southampton County. The defendant moved to exclude him from the panel because of the likelihood that he would be unconsciously biased to the prejudice of the defendant. In response to the trial court's inquiry, the correctional officer said that "the fact that [he was] employed with the Department of Corrections" would not affect his "impartiality" or "fairness" in the case. The trial court denied the defendant's motion to exclude the officer from the panel.

■ An accused has a right to a trial by an impartial jury. U.S. Const. amends. VI and XIV; Va. Const. art. I, § 8. "[A] venireperson must 'stand indifferent in the cause,' Code § 8.01-358, and any reasonable doubt regarding his impartiality must be resolved in favor of the accused." *Barker v. Commonwealth*, 230 Va. 370, 374, 337 S.E.2d 729, 732-33 (1985); *see Justus v. Commonwealth*, 220 Va. 971, 976, 266 S.E.2d 87, 90 (1980); *Breeden v. Commonwealth*, 217 Va. 297, 298, 227 S.E.2d 734, 735 (1976).

■ Generally, absent manifest error, we will not disturb a trial court's determination that a juror is impartial. *Barker*, 230 Va. at 375, 337 S.E.2d at 733. However, certain prospective jurors are excluded for cause automatically, even if they are not demonstrably biased. *Id.* Usually, these automatic exclusions are based on the appearance of bias against the defendant inherent in allowing the prospective juror to participate in determining the defendant's guilt and punishment. *Id.* (juror disqualified because she knew of prior conviction for same offense in which a mistrial had been declared). *See also Gray v. Commonwealth*, 226 Va. 591, 311 S.E.2d 409 (1984) (disqualification based on juror's kinship to victim); *Salina v. Commonwealth*, 217 Va. 92, 225 S.E.2d 199 (1976) (disqualification based on jurors' ownership of stock in victim corporation). Thus, even if not shown to be in fact biased, a prospective juror may not serve if the appearance of bias cannot be overcome.

■ The ultimate goal of selecting a jury is to assure that justice is "impartially administered" and "flow[s] . . . through channels as free from suspicion as possible." *Wright v. Commonwealth*, 73

Va. (32 Gratt.) 941, 943 (1879). If the apparent bias of a prospective juror cannot be overcome, notwithstanding the absence of any actual bias, the jury panel cannot be "as free from suspicion as possible," and the juror must be disqualified from serving on the jury.

*Per se* disqualifications are generally disfavored. They are not recognized simply because one has served as a juror in similar cases during the same term; *Watkins v. Commonwealth*, 229 Va. 469, 480, 331 S.E.2d 422, 431-32 (1985); one is related to or has been a client of the attorney prosecuting the case; *Elam v. Commonwealth*, 229 Va. 113, 116, 326 S.E.2d 685, 687 (1985); *Calhoun v. Commonwealth*, 226 Va. 256, 263, 307 S.E.2d 896, 900 (1983); one is employed by the corporate victim in the case; *Scott v. Commonwealth*, 1 Va. App. 447, 452, 339 S.E.2d 899, 902 (1986); one has been a victim of a like crime; *Webb v. Commonwealth*, 11 Va. App. 220, 223, 397 S.E.2d 539, 541 (1990); or one shares the risk of being a victim of the same crime because of having similar financial interest as the victim in the case being tried; *Melvin v. Commonwealth*, 202 Va. 511, 512-13, 118 S.E.2d 679, 680 (1961); *Waller v. Commonwealth*, 178 Va. 294, 304-05, 16 S.E.2d 808, 812, *cert. denied*, 316 U.S. 679 (1949).

Nevertheless, *per se* exclusions are recognized. A person is disqualified from serving as a juror in a criminal case if he or she is related to the victim in the case because the "feelings" of a victim's relations are "generally . . . excited by a personal wrong" to the victim, even though the victim is not a party to the proceeding. *Jaques v. Commonwealth*, 51 Va. (10 Gratt.) 690, 695 (1853). This principle extends to disqualify even a stockholder in a bank which is the victim of the crime of larceny by check. *Salina v. Commonwealth*, 217 Va. 92, 94, 225 S.E.2d 199, 200 (1976). Moreover, a prospective juror's bias may arise from having the same occupation as the victim and, as a result, sharing a significant risk of being a future victim of the same crime. *See Mackall v. Commonwealth*, 236 Va. 240, 251, 372 S.E.2d 759, 766 (1988).

In this case, the prospective juror and the victim shared an occupation which equally exposed them to a unique and significant risk of being a victim of the crime with which the defendant was

charged. The risk is not one shared by the public at large.[1]

█ This shared risk promotes a kinship between the prospective juror and the correctional guard who was the victim, not unlike that of a familial kinship. This relationship would, not unexpectedly, cause the "feelings" of the correctional guard on the panel to be "excited" by the injury to the victim, with whom he would closely identify. Declarations of impartiality by such a prospective juror would do little to assure that the jury was "as free from suspicion as possible." *Wright*, 73 Va. (32 Gratt.) at 943. The appearance of bias would remain indelible. Consequently, we hold that a correctional guard is disqualified *per se* from serving on a jury considering a charge of violating Code § 18.2-55.

We reverse the judgment of conviction and remand the matter to the trial court for a new trial, should the Commonwealth so elect.

*Reversed and remanded.*

Koontz, J., and Elder, J., concurred.

---

[1] Recognizing this risk, the General Assembly has identified this crime as deserving of enhanced punishment, based on the victim's occupation and the assailant's status. Code § 18.2-55.