COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Moon, Judges Baker, Benton, Coleman, Elder,
        Bray, Fitzpatrick, Annunziata and Overton
Argued at Richmond, Virginia


LEATHIO WILLIAMS

v.        Record No. 0826-93-2            OPINION
                                     BY JUDGE JOSEPH E. BAKER
COMMONWEALTH OF VIRGINIA               FEBRUARY 13, 1996


UPON A REHEARING EN BANC

FROM THE CIRCUIT COURT OF GREENSVILLE COUNTY
       Robert G. O'Hara, Jr., Judge

       Connie Louise Edwards (Connie Louise Edwards,
       P.C., on briefs), for appellant-respondent.

       Donald R. Curry, Senior Assistant Attorney
       General (James S. Gilmore, III, Attorney
       General, on briefs), for appellee-petitioner.


     On February 7, 1995, a panel of this Court reversed and

remanded the conviction of Leathio Williams (appellant) for

violation of Code § 18.2-55 (knowingly and willfully inflicting

bodily injury on an employee of a correctional facility).  See

Williams v. Commonwealth, 19 Va. App. 600, 453 S.E.2d 575 (1995).

 The Commonwealth's petition for rehearing en banc was granted

and the mandate of that opinion stayed.  Upon rehearing en banc,

we affirm the judgment of the trial court and order that the

mandate of the February 7, 1995 opinion be vacated.

     Before the panel, appellant argued that the trial court

erred in refusing to strike for cause six persons from the

venire, one of the challenged members, Juror Person, being a

correctional officer.  In reversing and remanding appellant's

conviction, the panel held that where a defendant, pursuant to Code § 18.2-55, is charged with assaulting a correctional officer, a venireman who is "a correctional guard is disqualified per se from serving on [the] jury." Id. at 604, 453 S.E.2d at 577.

Per se presumptions of bias are not favored. See, e.g., Scott v. Commonwealth, 1 Va. App. 447, 452, 339 S.E.2d 899, 901 (1986), aff'd, 233 Va. 5, 353 S.E.2d 460 (1987). Absent the existence of a per se ground for exclusion, rulings concerning the qualifications of a juror are left to the sound discretion of the trial court and will not be overturned absent a showing of manifest error. Barker v. Commonwealth, 230 Va. 370, 375, 337 S.E.2d 729, 733 (1985).

At voir dire, Juror Person stated that although he was employed by the Department of Corrections that fact would not influence his decision, and he could be impartial and fair in this case.

A per se rule in Virginia has been approved only where the venireman knew of an accused's prior conviction for the same offense, id.; stood in a near legal relationship to the victim of the accused, Gray v. Commonwealth, 226 Va. 591, 593, 311 S.E.2d 409, 410 (1984), Jaques v. Commonwealth, 51 Va. (10 Gratt.) 690, 693 (1853); or was a part owner of a victim bank; Salina v. Commonwealth, 217 Va. 92, 93, 225 S.E.2d 199, 200 (1976).

Here, the only relationship between the victim and Juror

Person is that they share the same occupation and the risk of suffering the same type of assault upon which this action was based.

We hold that under the facts disclosed by this record, the application of a per se rule is unwarranted, and that Juror Person's employment, without more, does not require that bias should be imputed. See Scott v. Commonwealth, 1 Va. App. 447, 339 S.E.2d 899 (1986), aff'd, 233 Va. 5, 353 S.E.2d 460 (1987).

Appellant also argued before the panel that the trial court erred in refusing to strike five other jurors for cause.

Juror Wilson was the ninth grade school teacher of the victim. She stated that she had not seen the victim routinely since she taught her and indicated without equivocation that she could be fair and impartial. Nothing in the record required disqualification of Juror Wilson. See Barker, 230 Va. at 375, 337 S.E.2d at 733 (1985).

Juror Vaughan had two relatives who worked in law enforcement. Juror Wray was a former law enforcement officer, and Juror Michaels was employed as a juvenile probation officer. Appellant challenged these jurors because of their association with law enforcement. All three of these jurors, however, indicated that they could be fair and impartial, and nothing in the record indicates otherwise. Therefore, the trial court did not err in refusing to strike these jurors for cause. See Strickler v. Commonwealth, 241 Va. 482, 492, 404 S.E.2d 227,

233-34 (1991) (trial court did not err in refusing to strike former probation officer who demonstrated impartiality).

Juror Johnson, whose brother worked at the same correctional facility as the victim, indicated that she had heard about the incident from her brother.  In response to a question concerning what she may have heard, Juror Johnson stated, "I just remember that something happened."  When asked whether the fact that her brother worked at the correctional facility would influence her in any way, she stated, "No, sir, it wouldn't."  She indicated that she could decide the case on the evidence presented at trial and not on anything she may have heard.  Accordingly, the trial court did not err in refusing to strike Juror Johnson for cause. See Spencer v. Commonwealth, 238 Va. 295, 309, 384 S.E.2d 785, 794 (1989) ("'[I]t is not necessary that prospective jurors be entirely ignorant of the facts and issues in the case.'  All that is required is that the venireman 'can lay aside [his] impressions or opinions and render a verdict based on the evidence presented in court.'").

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

Elder, J., with whom Benton, J., joins, dissenting.


I dissent for the reasons stated in the panel opinion as to the juror who was a correctional officer.  While the trial judge did not abuse his discretion by failing to disqualify the five other jurors, when viewed collectively the jury was not "as free from suspicion as possible."  Wright v. Commonwealth, 73 Va. (32 Gratt.) 941, 943 (1879).  For these reasons, I would reverse the judgment of the trial court.