COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, McClanahan and Senior Judge Willis
Argued at Chesapeake, Virginia


BRANDON CLIFFORD HAYES

MEMORANDUM OPINION[*] BY
v.        Record No. 0694-05-1                    JUDGE JERE M. H. WILLIS, JR.
                                                  OCTOBER 3, 2006
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF SUSSEX COUNTY
W. Allan Sharrett, Judge

Arnold R. Henderson (Arnold Henderson & Associates, on brief), for
appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


On appeal from his jury trial convictions for first-degree murder and use of a firearm in the

commission of murder, Brandon Clifford Hayes contends the trial court erred by refusing to strike a

prospective juror for cause.  We affirm the judgment of the trial court.

Facts

During *voir dire*, the trial court inquired whether any of the potential jurors were friends,

clients, or former clients of defense counsel or of counsel representing the Commonwealth.

Juror Brittle disclosed that he was a second cousin of Assistant Commonwealth's Attorney

Wallace Brittle, who was present in the courtroom.  The trial court asked Juror Brittle whether

that relationship would make it difficult for him to be fair and impartial to both the

Commonwealth and the defense.  Juror Brittle replied, "No."  The court then asked, "You can be

fair to both sides?"  Juror Brittle replied, "Yes."  The Commonwealth's Attorney informed the

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

trial court that Wallace Brittle was simply observing the case and was not participating in the trial. The Commonwealth's Attorney stated that Mr. Brittle was only "sitting with the Commonwealth. He is not handling any portion of the case."

Later during *voir dire*, the trial court inquired whether any of the potential jurors knew of any reason why they could not give a fair and impartial trial to both the Commonwealth and Hayes, based on the law and evidence. At that time, Juror Brittle stated that he had known the deceased victim's father for fifteen years and that he saw him on almost a daily basis at a shop where the father worked. The court noted that in Sussex County "pretty much everybody knows everybody else" and that the jury selection process does not require that jurors "live in a vacuum" or know nothing about a case. Rather, the trial court emphasized, "The question is whether you can be fair to both sides." Juror Brittle stated that he could be fair to both sides. The trial court then asked, "Is there any doubt in your mind about whether you can do that?" Juror Brittle responded, "No," and he further stated he could render verdicts of either guilty or not guilty in the case.

Hayes moved the trial court to strike Juror Brittle for cause on the grounds that he was a second cousin of Assistant Commonwealth's Attorney Wallace Brittle and that he knew the victim's father. The trial court denied the motion, holding that "most importantly" Juror Brittle was "unhesitating and unequivocal that he could be fair to both sides." The trial court stated, "The [c]ourt pursued that some and asked him specifically about a verdict of guilty and a verdict of not guilty, and there was no hesitation on either one. The [c]ourt is satisfied that Mr. Brittle is able to be fair." Furthermore, the trial court found that being related to the Assistant Commonwealth's attorney was not "sufficiently connected to a party" pursuant to Code

- 2 -

§ 8.01-358[1] and that the relationship of second cousin was not "an automatic disqualifying factor."

## Analysis

"[T]he right of an accused to trial by 'an impartial jury' is a constitutional right, reinforced by legislative mandate and by the Rules of this [C]ourt. Any reasonable doubt that a venireman does not 'stand indifferent in the cause' must be resolved in favor of the accused." Justus v. Commonwealth, 220 Va. 971, 975-76, 266 S.E.2d 87, 90 (1980) (quoting Breeden v. Commonwealth, 217 Va. 297, 298, 227 S.E.2d 734, 735 (1976)).

### I.

Hayes presents on appeal several arguments that he did not make to the trial court. He asserts that the trial court erred by failing to strike Juror Brittle because Mr. Brittle had been exposed to pre-trial publicity and because his answers to the trial court's *voir dire* "lacked candor." Hayes did not present these arguments to the trial court, but presents them for the first time on appeal. He argues that the trial court should have inquired more fully of Juror Brittle and should have permitted the defense more latitude in *voir dire*. However, he did not present these arguments to the trial court as grounds for striking Juror Brittle. Therefore, we will not consider these arguments on appeal. See Rule 5A:18. See also Ohree v. Commonwealth, 26

---

[1] Code § 8.01-358 provides in part:

> The court and counsel for either party shall have the right to examine under oath any person who is called as a juror therein and shall have the right to ask such person or juror directly any relevant question to ascertain whether he is related to either party, or has any interest in the cause, or has expressed or formed any opinion, or is sensible of any bias or prejudice therein; and the party objecting to any juror may introduce any competent evidence in support of the objection; and if it shall appear to the court that the juror does not stand indifferent in the cause, another shall be drawn or called and placed in his stead for the trial of that case.

Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) (Rule 5A:18 bars even constitutional claims);

Bell v. Commonwealth, 264 Va. 172, 196, 563 S.E.2d 695, 711 (2002) (finding that, because

appellant did not object to the trial judge's rehabilitation of potential jurors by asking leading

questions, Rule 5:25 barred consideration of the issue on appeal).

II.

> [A] prospective juror "must be able to give [the accused] a fair and impartial trial. Upon this point nothing should be left to inference or doubt. All the tests applied by the courts, all the enquiries [sic] made into the state of the juror's mind, are merely to ascertain whether [the juror] comes to the trial free from partiality and prejudice."

Green v. Commonwealth, 262 Va. 105, 115, 546 S.E.2d 446, 451 (2001) (quoting Wright v.

Commonwealth, 73 Va. (32 Gratt.) 941, 943 (1879)).

> On appeal, th[e] Court generally gives deference to the trial court's decision whether to strike a potential juror for cause. We do so "[b]ecause the trial judge has the opportunity, which we lack, to observe and evaluate the apparent sincerity, conscientiousness, intelligence, and demeanor of prospective jurors first hand . . . ." Consequently, unless "manifest error appears in the record," the trial court's decision will not be disturbed.

Juniper v. Commonwealth, 271 Va. 362, 400-01, 626 S.E.2d 383, 408 (2006) (citations omitted)

(holding person acquainted with Commonwealth's Attorney could be impartial as a juror).

The Supreme Court "ha[s] generally held that relationship does not automatically

disqualify a potential juror from being fair and impartial." Id. at 406, 626 S.E.2d at 412 (citing

Wise v. Commonwealth, 230 Va. 322, 325, 337 S.E.2d 715, 717 (1985)). "The overarching

consideration is whether the trial court erred in determining that the prospective juror would

fairly and impartially decide the accused's case." Id. (citing Jackson v. Commonwealth, 255 Va.

625, 640-41, 499 S.E.2d 538, 548 (1998)) (other citations omitted).

In Jackson, the prospective juror's first cousin was the wife of the Commonwealth's

Attorney for the jurisdiction in which the case was tried. However, two Assistant

- 4 -

Commonwealth's attorneys prosecuted the case and the Commonwealth's Attorney did not appear at the trial and did not sign any of the pleadings. Jackson, 255 Va. at 640, 499 S.E.2d at 548. The prospective juror also stated that she saw "her cousin's husband only twice a year at family gatherings and that her limited association with him would not affect her ability to give [the defendant] a fair trial." Id. The Court held, "[t]he relationship [the prospective juror] had with the Commonwealth's [A]ttorney does not disqualify her from sitting on this jury." Id. at 641, 499 S.E.2d at 548 (citing Roach v. Commonwealth, 251 Va. 324, 343, 468 S.E.2d 98, 109 (1996) (Commonwealth's Attorney formerly represented prospective juror in matter and prospective juror still regarded him as his "personal attorney"), overruled in part on other grounds by Morrisette v. Warden of the Sussex I State Prison, 270 Va. 188, 202, 613 S.E.2d 551, 562 (2005); Wise, 230 Va. at 325, 337 S.E.2d at 717 (prospective juror was "golfing buddy" and "long standing" friend of Commonwealth's Attorney)).

Juror Brittle was a second cousin of an Assistant Commonwealth's attorney who did not participate in the prosecution of the case, although he apparently sat at the table with the prosecuting attorney during the trial. Relationship to counsel is not the same as relationship to a party or victim of a crime and does not disqualify a juror *per se*. Cf. Gray v. Commonwealth, 226 Va. 591, 593, 311 S.E.2d 409, 410 (1984) (holding juror related to victim in criminal case is *per se* disqualified). Furthermore, the issue was whether Juror Brittle's relationship with the Assistant Commonwealth's attorney would create a bias that would influence Juror Brittle's judgment. In this regard, Juror Brittle steadfastly and without hesitation maintained that he could give both sides a fair trial. The trial court observed Juror Brittle and his demeanor. It concluded that he was free of bias. We defer to this factual determination.

Hayes moved the trial court to strike Juror Brittle based on his acquaintance with the victim's father. Although Juror Brittle stated that he saw the victim's father on almost a daily

basis at the father's workplace, he did not indicate that their relationship was close or that they were friends. In addition, after the *voir dire* was complete, the trial court described Juror Brittle as "unhesitating and unequivocal that he could be fair to both sides." The record reflects no ambiguity in Juror Brittle's responses to the trial court's questions. Rather, Juror Brittle stated he had no doubt he could be fair to both Hayes and the Commonwealth and he further stated he could render verdicts of either guilty or not guilty in the case. We perceive no abuse of discretion in the trial court's denial of the motion to strike Juror Brittle on this ground. See George v. Commonwealth, 242 Va. 264, 276, 411 S.E.2d 12, 19 (1991) (potential juror "not automatically disqualified" from acting as juror where his son had served as pallbearer at victim's funeral); Hunt v. Commonwealth, 25 Va. App. 395, 399, 488 S.E.2d 672, 674 (1997) (juror's prior workplace association with member of murder victim's family did not require mid-trial removal of juror where juror assured court it would not affect her impartiality).

Juror Brittle was forthright during *voir dire*, satisfying the trial court that he was capable of performing his duties without bias, despite his relationship to an Assistant Commonwealth's attorney and an acquaintance with the victim's father. Our examination of the record discloses neither an abuse of discretion nor "manifest error" by the trial court in denying Hayes' challenge to Juror Brittle.

Accordingly, we affirm the judgment of the trial court.

Affirmed.