COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bumgardner and Senior Judge Overton
Argued at Richmond, Virginia


LESTER FRIZZELL MORRIS, S/K/A
 LESTER FRIZZELL MORRISS
                                      MEMORANDUM OPINION[*] BY
v.    Record No. 0060-99-2      JUDGE RUDOLPH BUMGARDNER, III
                                           MAY 16, 2000
COMMONWEALTH OF VIRGINIA AND
 COUNTY OF CHESTERFIELD


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                      William R. Shelton, Judge

            Linwood T. Wells, III, for appellant.

            Stephen R. McCullough, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellees.


     A jury convicted Lester Frizzell Morris of grand larceny,

reckless driving, attempting to elude a police officer, and

driving on a suspended license.  The defendant contends the

trial court erred by not striking a juror for cause.  We

conclude that the trial court erred when it did not remove the

juror.

     During voir dire the venire was asked if any members of

their families were law enforcement officers.  David Morton

responded that his father was a police officer, and the voir

dire continued:

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

THE COURT:  Would the fact that your father is a police officer lead you to believe or make you believe maybe the testimony of a policeman over another person who might disagree?

MR. MORTON:  Not really.

THE COURT:  Do you think you could be impartial on the issues and decide on the evidence presented here today?

MR. MORTON:  Yes.

Following further questions, Mr. Morton volunteered that he had worked with the Department of Corrections in Virginia for eight and a half years.  The defense counsel continued:

MR. WELLS:  Does the fact that you have worked as a state correctional officer, I guess you've heard a lot of stories?

MR. MORTON:  Pretty much.

MR. WELLS:  Would that affect your impartiality here this morning?

MR. MORTON:  Somewhat.

MR. WELLS:  Think it would?

MR. MORTON:  Yes.

MR. WELLS:  Do you think, in all honesty, that you would probably not listen to the evidence as fairly if you had not worked in that setting?

MR. MORTON:  Probably.

MR. WELLS:  Thank you.

The court then concluded the questioning:

THE COURT:  Do you think that you can put aside all of those eight a half years of what you heard and saw, and sit here today

-

on this jury and listen to the evidence that comes from that witness box, follow instructions of the court, and render a fair verdict both to the Commonwealth and to the defendant?  Do you think you can do that?

MR. MORTON:  I can try.

THE COURT:  If you'll try, that's all I ask you to do.

When the trial court concluded, the defendant moved to strike Juror Morton for cause.  The trial court denied the motion stating, "I'm satisfied with his answer."  The defendant noted his objection and later exercised a peremptory challenge to remove the juror from the panel.

"The partiality or impartiality of an individual juror is a factual issue best determined by the trial court."  Watkins v. Commonwealth, 229 Va. 469, 480, 331 S.E.2d 422, 431 (1985), cert. denied, 475 U.S. 1099 (1986).  "Since the court observes the venireman, its finding is entitled to great weight and will not be disturbed on appeal unless manifest error exists."  Calhoun v. Commonwealth, 226 Va. 256, 258-59, 307 S.E.2d 896, 898 (1983) (citation omitted).  See Vinson v. Commonwealth, 258 Va. 459, 467, 522 S.E.2d 170, 176 (1999); Faison v. Hudson, 243 Va. 397, 402, 417 S.E.2d 305, 308 (1992) (Batson challenge).  Whether manifest error exists is determined upon a review of the entire transcript of the voir dire.  See Calhoun, 226 Va. at 259, 307 S.E.2d at 898 (citation omitted).  If there is reasonable doubt about a juror's ability to give the defendant a

-

fair and impartial trial, it should be resolved in favor of the accused.  See Justus v. Commonwealth, 220 Va. 971, 976, 266 S.E.2d 87, 90 (1980) (reasonable doubt requires positive unequivocal testimony of bias), cert. denied, 455 U.S. 983 (1982).

The facts of this case are very close to those in Clements v. Commonwealth, 21 Va. App. 386, 464 S.E.2d 534 (1995).  In Clements, the court noted that the prospective juror spoke honestly and showed no unwillingness to serve, but it also noted the answers disclosed equivocation and revealed doubt that he would be able to render a fair verdict.  Of particular import was the concluding statement that the juror "would try" to be fair.  See id. at 392, 464 S.E.2d at 537.  That conclusion indicated that the juror's knowledge might affect his decision, and raised a reasonable doubt.  For the same reasons, the concluding remarks of Mr. Morton, "I can try," following statements disclosing doubt and equivocation lead us to the same result:  there is reasonable doubt about the juror's ability to be fair and impartial.  The denial of the motion to strike Juror Morton constituted error.  Accordingly, we reverse the convictions and remand the case.

Reversed and remanded.