## CIRCUIT COURT OF THE CITY OF RICHMOND

Little and Tall, Inc.,
t/a Icons Restaurant
and Fahrenheit Lounge

v.

Alcohol Beverage
Control Board

July 2, 2002

Case No. HS-181

BY JUDGE T. J. MARKOW

This is an appeal from the Final Decision and Order Suspending License and Placing Licensee on Probation issued by the Alcoholic Beverage Control Board dated January 8, 2002. The Board found that the place occupied by the Petitioner had become a meeting place or rendezvous for illegal users of narcotics and/or habitual law violators, in violation of Virginia Code § 4.1-225(2)c. Petitioner appeals the Final Decision on evidentiary and constitutional grounds.

Briefly, the Department of Alcoholic Beverage Control initiated an investigation of various establishments, including that of Petitioner, to discover if there was illegal drug use on the premises. Charges were brought against Petitioner alleging, *inter alia*, that Petitioner's establishment had become a meeting place or rendezvous for illegal users of narcotics and/or habitual law violators, in violation of Virginia Code § 4.1-225(2)c.

The evidence presented at the May 17 and 18, 2001, evidentiary hearing stemmed from five incidents that occurred as a part of the investigation by the Department of Alcohol Beverage Control. On September 13, 2000, a confidential informant was sent into Petitioner's establishment and negotiated a drug deal with one J. C. Whitehead. The sale of drugs occurred off the premises of the establishment in Whitehead's car. On November 1, 2000, by a prior arrangement, the confidential informant met Steve Drumm at the establishment. The confidential informant later met Drumm outside the establishment and conducted a sale of drugs in Drumm's car. On November 8, 2000, a confidential informant entered the establishment and met Steven Figg, who sold drugs to the confidential informant in the establishment. On December 6, 2000, a confidential informant entered the establishment and met "Michael," who sold the confidential informant drugs in the establishment. On December 9, 2000, a confidential informant entered the establishment and purchased drugs from Adam Quaintance. The Hearing Officer sustained Petitioner's objection to the admissibility of the evidence pertaining to a sixth incident.

There was no evidence that Petitioner had any knowledge of the drug transactions or information that should have placed a reasonable person on notice of the illegal activities. To the contrary, Petitioner had significant security in place and used reasonable efforts to prevent illegal conduct from occurring on its premises.

In a Notice of Initial Decision and Right of Appeal issued on June 18, 2001, the Hearing Officer found the evidence substantiated the charge that Petitioner's establishment had "become a meeting place or rendezvous for illegal users of narcotics . . . and habitual law violators." Petitioner appealed to the Board. After oral argument, the Board issued a Final Decision and Order Suspending License and Placing Licensee on Probation on January 8, 2002. The imposition of the sentences was stayed pending the current appeal.

Among other things, Petitioner asserts that the evidence does not support a finding that his establishment has become a meeting place or rendezvous for illegal drug users and/or habitual law violators under a reasonable interpretation of § 4.1-225(2)c. Further, Petitioner urges the court to find the statute unconstitutionally vague both as to "meeting place or rendezvous" and as to "habitual law violators." The court, however, will not address constitutional questions when the issue may be disposed of on other grounds.

Where there has been a formal agency hearing pursuant to VAPA, as here, the determination of factual issues is to be made "upon the whole

evidential record provided by the agency." *Virginia Real Estate Comm'n v. Bias*, 226 Va. 262, 269 (1983). The findings must be supported by substantial evidence in the record. The phrase "substantial evidence" refers to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Agency findings of fact may be rejected only if, after considering the record as a whole in the light most favorable to the agency, the reviewing court determines that a reasonable mind would necessarily come to a different conclusion. *Id.* However, where the issue falls outside the specialized competence of the agency, such as constitutional and statutory interpretation issues, little deference is required to be accorded the agency decision. *Johnston-Willis v. Kenley*, 6 Va. App. 231, 246, 369 S.E.2d 1 (1988). Specifically, this court is not bound by the Board's interpretation of "meeting place or rendezvous."

*Meeting Place or Rendezvous*

The term "meeting place or rendezvous" requires prearrangement or predesignation. According to the *American Heritage Dictionary of the English Language* (4th ed. 2000), rendezvous means "a meeting at a prearranged time and place." As well, usage of the term "meeting place" in Virginia case law carries a necessary implication of predesignation. See e.g. *Bloom v. Commonwealth*, 34 Va. App. 364, 372, 542 S.E.2d 18 (2001).

In three of the five incidents at issue, no evidence was presented about a meeting at Petitioner's establishment that was prearranged as to time and place. In those three incidents, the government informant simply went to Petitioner's establishment and proceeded to buy illegal drugs. No evidence was offered that in any of these three incidents, the government informant or another person previously arranged to meet with an illegal user of narcotics or a habitual law violator.

"Meeting place or rendezvous" not only requires advance arrangement, but the term necessarily requires two or more persons. In two of the five incidents at issue, a confidential informant contacted another person to arrange a meeting at Petitioner's establishment to buy illegal drugs. While not an explicit part of the common definition of either term, it is inherent that one person cannot meet or rendezvous alone. Moreover, a government informant cannot provide an essential element of the charge. The crime of conspiracy provides a helpful analogy. Conspiracy is "an agreement between two or more persons by some concerted action to commit an offense." *Ramsey v. Commonwealth*, 2 Va. App. 265, 343 S.E.2d 465 (1986). Because the

agreement is an essential element of the offense, if one of the two persons is a government agent or a government informant, there can be no conspiracy. *Fortune v. Commonwealth*, 12 Va. App. 643, 406 S.E.2d 47 (1991). In the case at hand, where the requirement of two or more persons is an essential element of the charge, if one of the two persons is a government informant, the element is not satisfied.

The Board relied on three incidents that do not satisfy the prearranged time and place requirement. Further, the Board rested its decision on evidence of two prearranged meetings at which a government informant was one of two parties. Such evidence is insufficient to satisfy the two or more persons requirement. Therefore, even giving great deference to the Board's findings of fact, there is insufficient evidence in the record that the five incidents relied upon by the Board satisfy the "meeting place or rendezvous" element of § 4.1-225(2)c.

The court needs not address the Board's interpretation of "habitual law violators" or the remaining counts asserted by Petitioner as the case is disposed of on the aforementioned grounds.

It is therefore ordered that Petitioner's appeal is granted and the Board's Final Decision and Order Suspending License and Placing Licensee on Probation is reversed.