COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Bumgardner and Agee
Argued at Alexandria, Virginia


TIMOTHY MARK PAYNE

MEMORANDUM OPINION* BY
v.    Record No. 0561-01-4          JUDGE JAMES W. BENTON, JR.
AUGUST 13, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Richard B. Potter, Judge

T. Kevin Wilson (The Law Office of T. Kevin
Wilson, P.C., on brief), for appellant.

John H. McLees, Senior Assistant Attorney
General (Randolph A. Beales, Attorney
General, on brief), for appellee.


The issue raised in this appeal is whether the trial judge

erred in refusing to disqualify a juror for cause. For the

reasons that follow, we affirm the judgment.

I.

The issue arose in the trial of Timothy Mark Payne for rape,

abduction, and three counts of forcible sodomy. At the outset

of trial, which began on a Monday at 10:00 a.m., both the

prosecutor and Payne's attorney informed the trial judge that

they estimated the trial would last two days. During the

prosecutor's voir dire, no person on the panel of prospective

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

jurors indicated they could not serve for two days.  Payne's attorney, however, asked the prospective jurors whether they had events planned that would pressure them to rush their deliberations if the trial lasted three or four days.  Juror Hull said she had not made childcare arrangements for her small children for Thursday or Friday and had no place to leave them.  When asked by Payne's attorney whether she "would feel some pressure if this were Wednesday afternoon and you hadn't reached a verdict," she said, "Yes."  He then engaged in the following colloquy with Juror Hull:

> Q.  Do you think that pressure would cause you to give up your position and kind of go along with the majority, so you could --
>
> A.  No, I don't think so.
>
> Q.  So if you were faced with the decision of coming back Thursday or kind of relinquishing your stronghold and your opinion, what do you think you would do?
>
> A.  I don't know.  That's a tough decision. I mean I would try to see if I could make arrangements to have my kids watched, but --
>
> Q.  Worst case scenario, let's assume you couldn't.
>
> A.  Then I would -- then I may be -- I could possibly be swayed, I guess, if I couldn't find any place to leave them.

In response to Payne's attorney's motion to strike Juror Hull for cause, the trial judge commented as follows:

> I really think it calls for some speculation.  This case is scheduled for two days.  If she can't sit on Thursday, we

-

> generally do appeals on Thursday and motions on Fridays anyway.
>
> But what he's saying is if it takes more -- we have to take as long as it takes to give both sides a fair trial. Do you understand that?

Juror Hull replied, "I understand, yes, I do." The trial judge denied the motion to strike Juror Hull for cause. Juror Hull was one of the twelve jurors impaneled to hear Payne's trial.

The trial commenced that morning and continued to 5:04 p.m. that evening. The trial resumed Tuesday at 9:00 a.m. At the conclusion of the evidence that afternoon, the judge granted Payne's attorney's motions to dismiss the abduction charge and the charge of forcible sodomy involving cunnilingus. The jury began its deliberations at 5:22 p.m. At 6:25 p.m., the judge adjourned and instructed the jury to return Wednesday morning at 8:50 a.m. to continue deliberating. At 11:32 a.m. on Wednesday, the jury reached a verdict, convicting Payne of rape and of forcible sodomy involving fellatio. The jury acquitted Payne of forcible sodomy involving anal intercourse. At the conclusion of the penalty phase, the jury recommended eight years on the rape conviction and seven years on the conviction for forcible sodomy. The trial concluded on Wednesday at 12:56 p.m.

## II.

Payne contends Juror Hull could not be fair and impartial because she had not arranged for childcare on Thursday and Friday and, thus, would feel "pressure" if a verdict was not reached by

-

Wednesday.  The Commonwealth responds that the trial judge did not abuse his discretion in analyzing the matter as presenting merely a potential, future scheduling conflict.

To qualify as a juror, a person must "stand indifferent in the cause."  Code § 8.01-358.  To guarantee to an accused the constitutional and statutory right to an impartial jury, a trial judge must exclude a prospective juror if the judge "entertains a reasonable doubt as to [that person's] qualifications."  Calhoun v. Commonwealth, 226 Va. 256, 258, 307 S.E.2d 896, 897 (1983).

On our review of the trial judge's determination of the factual setting, we give deference to the judge's resolution of conflicting considerations.  Schmitt v. Commonwealth, 262 Va. 127, 139, 547 S.E.2d 186, 195 (2001).  We do so because the trial judge "is in a superior position to determine whether a prospective juror's responses during voir dire indicate that the prospective juror would be prevented or impaired in performing the duties of a juror."  Id.

Although Juror Hull said she "could possibly be swayed" in the jury's deliberations if the trial extended beyond Wednesday, which would have been a third day of trial, the record clearly indicates that both the prosecutor and Payne's attorney represented to the trial judge immediately before voir dire that the trial would consume two days.  As the trial judge noted, the juror's concerns were at best speculative.  Indeed, the entire

-

inquiry was premised upon the trial extending two days longer than expected by both the prosecutor and the defense counsel.

Even in the event the trial lasted longer than expected, the juror's response did not foreclose either that she would find a sitter for her children or that she would properly perform her obligation as a juror. The judge assessed whether, despite her concerns, Juror Hull understood she would be required to deliberate as long as necessary in order to ensure both parties a fair trial. We cannot say that this record demonstrates a reasonable doubt Juror Hull would have done so.

Moreover, any concern that the trial might have continued on Thursday and Friday was reasonably dispelled by the judge's statement that those days of the week were reserved for motions and appeals. Indeed, the judge expressly recognized that any potential conflict was not a real one.

Based on the record before us, we hold the trial judge did not abuse his discretion in refusing to disqualify Juror Hull. Accordingly, we affirm the judgment.

Affirmed.

-