## CIRCUIT COURT OF THE CITY OF RICHMOND

Dick's Inn, L.L.C.

v.

Virginia Alcoholic
Beverage Control Board

December 4, 2002

Case No. HS-984-1

BY JUDGE MELVIN R. HUGHES, JR.

This case is an appeal under the Virginia Administrative Process Act (VAPA), Va. Code § 2.2-4000, et seq., noted by Dick's Inn, a commercial restaurant establishment in Richmond, from an adverse ruling issued by the Virginia Alcoholic Beverage Control Board. In a decision issued on April 29, 2002, the Board denied Dick's application for removal of restrictions on the sale of on premises alcoholic beverages without a hearing. Dick's appealed the ruling on June 10, 2002.

## Background

Dick's is located in an area of Richmond called the Fan District. When Dick's applied for an unrestricted license to sell beer, wine, and mixed beverages on premises, the Fan District Association opposed, recommending instead a restricted license. Dick's agreed. Accordingly, on January 22, 2002, without a hearing, the Virginia Alcoholic Beverage Control Board issued a restricted license for the sale of alcoholic beverages with the condition that such sales "be prohibited after 11 p.m. Sun. through Thursday and after 12 midnight Friday and Saturday." The license was issued effective January 22, 2002, to December 1, 2002.

On February 26, 2002, Dick's applied to remove the restrictions. Dick's sought to lift the restrictions on the grounds that the agent involved misled it to believe that it would be easier to accept a restricted license now and reapply for a full license later and the economic impact of the restricted license would force the business to shut down. On April 29, 2002, the Board refused a hearing and denied the less restricted license.

In its appeal here, Dick's contends that the Board decision is (1) arbitrary and capricious, (2) lacking in substantial evidence to deny a hearing, (3) erroneous in considering the responses from Agent Bellows and the Fan District Association, (4) lacking in any standard to determine when the twelve month rule applies, and (5) violative of Va. Code § 4.1-224(B)(4) relative to substantive and procedural due process, too broad in scope, and unconstitutional.

## Standard of Review

Under Va. Code § 2.2-4027 of the VAPA:

The burden shall be upon the party complaining of agency action to designate and demonstrate an error of law subject to review by the court. Such issues of law include: (i) accordance with constitutional right, power, privilege, or immunity, (ii) compliance with statutory authority, jurisdiction limitations, or right as provided in the basic laws as to subject matter, the stated objectives for which regulations may be made, and the factual showing respecting violations or entitlement in connection with case decisions, (iii) observance of required procedure where any failure therein is not mere harmless error, and (iv) the substantiality of the evidentiary support for findings of fact. The determination of such fact issue shall be made upon the

whole evidentiary record provided by the agency if its proceeding was required to be conducted as provided in § 2.2-4009 or § 2.2-4020 or, as to subjects exempted from those sections, pursuant to constitutional requirement or statutory provisions for opportunity for an agency record of and decision upon the evidence therein. When the decision on review is to be made on the agency record, the duty of the court with respect to issues of fact shall be limited to ascertaining whether there was substantial evidence in the agency record upon which the agency as the trier of the facts could reasonably find them to be as it did.

The court must give deference to an agency decision based on the proper application of its expert discretion. *See Fralin v. Kozlowski*, 18 Va. App. 697, 701, 447 S.E.2d 238 (1994).

On an issue raised as to whether the agency acted in accordance with law, the court may reverse the agency finding only if the agency's construction of its regulations is arbitrary and capricious or fails to fulfill the agency's purpose as defined by its basic law. *Virginia Real Estate Bd. v. Clay*, 9 Va. App. 152, 161, 384 S.E.2d 622 (1989). *See also Johnston-Willis, Ltd. v. Kenley*, 6 Va. App. 231, 242, 369 S.E.2d 221 (1988).

On the question of whether the agency had sufficient support in the evidence to support its findings, such findings may be rejected only if, after considering the record as a whole, the court determines that a reasonable mind would necessarily come to a different conclusion. *Virginia Real Estate Comm'n v. Bias*, 226 Va. 262, 269, 308 S.E.2d 123 (1983), *see also Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938).

And because Dick's has raised the question of the agency's failure to conduct a hearing, a question at least in part of whether the agency should have followed its own rules, a matter of procedure, such failure may be subject to reversal even if there is substantial evidence on the record to support the outcome. *Johnston-Willis*, 6 Va. App. at 243.

The court will consider each of Dick's claims as noted hereafter. Included in the analysis is a recitation of the salient facts from the record of the proceedings.

*1. The Board's decision to consider the responses from Agent Bellows and the Fan District Association is inappropriate.*

The agency conducted an informal fact finding proceeding in accordance with Va. Code § 2.2-4019. The statute provides in pertinent part:

A. Agencies shall ascertain the fact basis for their decisions of cases through informal conference or consultation proceedings unless the named party and the agency consent to waive such a conference or proceeding to go directly to a formal hearing....

B. Agencies may, in their case decisions, rely upon public data, documents, or information only when the agencies have provided all parties with advance notice of an intent to consider such public data, documents, or information. This requirement shall not apply to an agency's reliance on case law and administrative precedent.

Part (B) permits agencies to rely upon public information or documents after they have informed the parties of their intent to rely upon such information. The agency provided Dick's with such notice through its letter of April 8, 2002.

Moreover, Va. Code § 4.1-222(A)(3) lists conditions under which the Board may refuse to grant licenses. Under this statute, the Board can consider factors that may affect the tranquility of a residential neighborhood, objections of the residents, and recommendations of the local governing body. Accordingly, Agent Bellows appropriately relied upon the complaints received against Dick's on the hotline. The Fan District Association can be seen as representing the will of the residents of the area in which Dick's business is located. Therefore, the agency appropriately relied on the letter from the Fan District Association and Agent Bellows for its decision.

*2. The Board's decision to deny a hearing is not based on substantial evidence. Dick's claims it did not get a hearing on its original application either.*

Va. Code § 2.2-4020(A) mandates the agency to conduct a formal hearing only if the law expressly provides for the same. However, if the case is disposed of by consent of both the parties, no formal hearing is required. In this case, Dick's initially requested a full unrestricted license. However, when informed of the objections from the Fan District Association to a full license, Dick's voluntarily agreed to a restricted license. Therefore, the agency appropriately granted Dick's a restricted license without a formal hearing. After voluntarily agreeing to a restricted license, Dick's now cannot claim that the agency denied it a formal hearing.

The court has before it the agency record upon which the agency based its decision. Since Va. Code § 4.1-224(B) does not expressly require the Board to grant a hearing for an application to remove restrictions on a license, the Board appropriately followed the informal procedure in Va. Code § 2.2-4019

and considered Dick's response to the agency's letter of April 8, 2002. Following this, the Board chose to exercise its discretion and refused to grant Dick's request for a hearing. The court rules that the Board's decision to deny a hearing is based upon substantial evidence in the record.

*3. The Board has not developed an acceptable standard to determine when the twelve month rule will be invoked.*

Va. Code § 4.1-224(B)(4) clearly defines the narrow circumstances when the Board has discretion to invoke this subsection. The subsection explains that after a business receives a restricted license and then re-applies for a full license within twelve months of receiving the restricted license, the Board has discretion to refuse a hearing. Limiting the time within which a business is permitted to re-apply for a license is an acceptable standard developed by the Board.

*4. The Board's decision to deny the claim is arbitrary and capricious.*

For the reasons discussed above, the court holds that the Board's decision to deny the claim is not arbitrary and capricious.

*5. Va. Code § 4.1-224(B)(4) violates Dick's substantive and procedural due process rights, is too broad in scope, and is unconstitutional.*

Under the Twenty-First Amendment to the Constitution of the United States, states have the power to control the consumption and distribution of alcohol within their borders. State action to control alcohol consumption is constitutional so long as it does not discriminate or encourage discrimination on the basis of race. Va. Code § 4.1-224(B)(4) applies to all business owners who seek to change their license status from a restricted one to an unrestricted status. In *Hamm v. Yeatts*, 479 F. Supp. 267 (W.D. Va. 1979), the court held that Va. Code § 4.1-222(A)(2)(d) is constitutional because under the Twenty-First Amendment to the Constitution of the United States, the state can consider the wishes of the residents regarding the place of sale of alcoholic beverages. Similarly, in Va. Code § 4.1-224(B)(4), the Board, as a state agency, seeks to control the sale of alcoholic beverages and takes into account the recommendations of the Fan District Association, which represents the residents of the area where alcohol will be sold.

As discussed earlier, Va. Code § 4.1-224(B)(4) applies to a very narrow and specific set of circumstances when a business re-applies for removal of

restrictions on its license within twelve months of receiving the restricted license. Therefore, this section is not too broad in its scope.

Dick's claims that Va. Code § 4.1-224(B)(4) violates its substantive and procedural due process rights. First, we consider the issue of procedural due process. The Fourteenth Amendment to the Constitution of the United States states that no state "shall deprive a person of life, liberty, or property without due process of law." To determine what process is due, the court must first consider whether it is a protected right under the Constitution. *Gilbert v. Homar*, 520 U.S. 924, 928 (1997). If it is a protected right, then the court must determine the procedural protection that would be commensurate with the circumstances in question. *Id.; Mallette v. Arlington County Employees Supplemental Retirement System II*, 91 F.3d 630, 634 (1996). In doing so, the court must balance three factors — private interest that is affected by the government, whether the procedure currently in place is adequate to protect the private interest, and the cost and efficiency of the procedure as compared to the government's interest. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

A license is a "qualified property right" given to an individual by the legislature, and that "the legislature can revoke." 16B Am. Jur. 2d, *Constitutional Law*, § 586. Therefore, a license is not a property right in the Constitutional sense and does not get the protections of procedural due process. Even if the court were to assume that a license is a protected property right, the court need only consider whether the individual has been given notice and an opportunity to be heard before the government ruled upon the issues. *McKesson Corp. v. Division of Alcoholic Beverages & Tobacco*, 496 U.S. 18, 37 (1990); *see also Mallette* at 640. The extent of procedure due fluctuates depending upon the situation, the nature of the interest involved, and the government's interest. *Gilbert* at 930. In this case, Dick's property interest in his license is at stake. Due process afforded to protect property interests is informal. The procedure affords Dick's an informal proceeding, an opportunity to respond, and an opportunity to appeal an unfavorable decision. The government has to balance the cost involved in conducting such a procedure and be efficient at the same time when it receives numerous applications for a license. Va. Code § 4.1-224(B)(4) affords Dick's with the procedures to protect his property and does not deprive Dick's of its procedural due process rights.

Finally, Dick's claims that Va. Code § 4.1-224(B)(4) violates its substantive due process rights. In *Washington v. Glucksberg*, 521 U.S. 702 (1997), the court held that government regulation that infringes on fundamental rights of a person must be "narrowly tailored to serve a compelling state interest." For example, the right to marriage, family life, and

upbringing of children are fundamental rights afforded a high degree of protection and the laws infringing these rights are analyzed under the strict scrutiny test. *Id.* at 720-21; *see also Phyler v. Moore*, 100 F.3d 365 (4th Cir. 1996). When fundamental rights are not implicated, the rational basis test is applied. The court must only determine the state interest in furthering its policies and whether the means used by the state is reasonably related to achieving its objectives. *Pittsburgh Press Co. v. Pittsburgh Comm'n on Human Relations*, 413 U.S. 376 (1973). The court must accept the state's purported reasoning for its interests and cannot second guess the state's reasons. As long as it is even debatable that a "rational relationship exists between government policy and a conceivable government objective, there is no substantial due process violation." 16B Am. Jur. 2d, *Constitutional Law*, § 912. Therefore, as long as the state action is not arbitrary and capricious, but is related to its objectives, there is no substantive due process violation. *Slochower v. Board of Higher Educ.*, 350 U.S. 551 (1956). The burden of proof is on Dick's to show that the law is not rationally related to a legitimate state purpose. The government has a valid and legitimate interest in maintaining peace and tranquility in residential areas. To achieve this end, the state can control the sale of alcoholic substances in residential areas and abide by the will of the residents of the area. Dick's has failed to meet its burden of showing otherwise. Therefore, the court rules that Va. Code § 4.1-224(B)(4) does not violate Dick's substantive due process rights under the Fourteenth Amendment to the Constitution of the United States.

*Conclusion*

For all the foregoing reasons, the court does not find any merit to any of Dick's contentions in this appeal of the administrative decision at bar, under all the applicable standards of review for the reasons stated.